## Court of Appeals

June 18, 1901.

## THE PEOPLE v. WILLIAM E. TENCH

(167 N. Y. 520.)

.1 RAPE—EVIDENCE OF PENETRATION.

Where there is proof that would justify the jury in finding that the victim of a rape was in such a state of stupor as to have prevented her resistance and rendered her oblivious to the acts of defendant, her inability to testify that there was penetration was not conclusive pro-

vided there was other proof from which the fact might have been legally and properly found, *but* there must be evidence sufficient to overcome the arbitrary presumption of the law that defendant did not perform the act charged, in order to sustain a conviction.

2. SAME.

Defendant's guilt must be proved beyond a reasonable doubt, and his conviction was illegal unless that fact naturally flowed from the circumstances.

APPEAL from a judgment of the appellate division of the supreme court in the fourth judicial department, entered April I, 1901, affirming a judgment rendered at a trial term upon a verdict convicting the defendant of the crime of rape in the first degree and an order denying a motion for a new trial.

The facts, so far as material, are stated in the opinion.

Tracy C. Becker and Frank A. Abbott, for appellant.

Willard H. Ticknor and Thomas Penney, for respondent.

MARTIN, J.—The defendant, a man about forty-four years of age, was indicted and convicted of the crime of rape in the first degree in having sexual intercourse with a female about fifteen years of age, not his wife, when her resistance was prevented by an intoxicating narcotic, or anæsthetic agent, and when she was known by him to be in a state of stupor or weakness of mind from that cause. A careful scrutiny of the testimony renders it obvious that if the proof was sufficient to establish actual penetration, however slight, the conviction of the defendant was justified, and unless there were errors in the charge or in the admission or rejection of evidence, the judgment should be affirmed. It is not pretended that there was any direct evidence of that fact. The prosecution, however, claims that it might be established by circumstantial evidence, and that there was proof of circumstances which justified the jury in finding it. The victim of the defendant's crime in effect testified she did not know that the defendant

was in bed with her or that there was any penetration by him. As there was proof that would have justified a determination by the jury that she was in a state of stupor or weakness of mind which would not only have prevented her resistance, but might also have rendered her oblivious of the acts of the defendant, her inability to testify that there was penetration was not conclusive, provided there was other proof from which the fact might have been legally and properly found. While it may be established, like any other fact, by circumstantial evidence yet the same rule as to the weight and effect of that species of evidence must apply in the establishment of that fact as applies to any other essential element of crime. The evidence discloses that the defendant had previously been guilty of most atrocious and loathsome practices upon this young girl. He was found by the police in a room alone with the girl, who was lying upon the bed in a position and under conditions which left no room for doubt as to defendant's purpose in taking her there. On the following morning the girl was examined by the police surgeon who testified to the physical development of the girl and that there was an absence of the hymen, but that there was no evidence of any abrasions or marks, or of anything about her person to indicate recent penetration. He further testified that the practices above referred to which the defendant had indulged in with the girl were sufficient to destroy the hymen, and that it might have been absent from other causes. Moreover, there was no proof that on the next morning the girl was sore or lame, or that she was then otherwise than in her normal condition. But her mother testified that at that time she examined her underclothing and found upon it a pinkish stain. She did not, however, testify as to what particular portion of the underclothing was thus stained, and as the proof showed that the part of the underclothing referred to was not upon the girl when the crime was alleged to have been committed, that fact cannot be regarded as evidence of penetration by the defendant. The testimony of the physician that it was possible to accomplish

slight penetration and leave no trace if there was no force, even if admissible, was not sufficient to justify the jury, in the absence of proof of any marks upon the girl or other proof of penetration, in finding that fact. As that was an essential and indispensable ingredient of the crime of which the defendant was convicted, and as his guilt was required to be proved beyond a reasonable doubt, it follows that his conviction was illegal unless that fact naturally flowed from the circumstances proved, was consistent with them all, and they were such as to exclude to a moral certainty every hypothesis which did not include its perpetration. The arbitrary presumption of the law is that the defendant did not perform the act charged, and as the evidence was insufficient to overcome that presumption the conviction cannot be sustained. While the proof established the opportunity and the purpose of the defendant, it did not establish the act, but tended quite as strongly to show that he was surprised before the act was performed. Under these circumstances, while the record discloses a condition which indicates that the punishment inflicted upon the defendant was justly merited, and that he should have been convicted of an attempt to commit the crime of rape for which he might have been punished, still, for the error pointed out, it is our duty, in the just and proper administration of the law, to reverse the action of the trial court.

Although there are several exceptions to the ruling of the trial court, to its charge and to its refusal to charge as requested by the defendant, still, as a new trial must be granted upon the ground already stated, and as it is improbable that any of those questions will arise upon a new trial, we regard it unnecessary to specially consider them on this appeal. It may, however, be observed generally that under the rule which requires the court upon appeal to give judgment without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties (Code Crim. Proc. § 542), it is doubtful if any of the defendant's exceptions, other than those relating to the insufficiency of the proof to

sustain the judgment, presents any error that would justify a reversal.

The judgment and order of the trial court and of the appellate division should be reversed and a new trial ordered.

PARKER, Ch. J., O'BRIEN, CULLEN and WERNER, JJ., concur; GRAY and LANDON, JJ., dissent.

Judgment reversed, etc.