(152 App. Div. 438.)

### PEOPLE v. KLINE.

(Supreme Court, Appellate Division, Second Department. September 10, 1912.)

RAPE (§ 54*)—EVIDENCE—CORROBORATION.
    Testimony of the sister of complainant, in rape, that while defendant was riding with them he got down from the wagon, asked complainant to do so, and on her refusal pulled her down, took her over a fence, and, after remaining there some time, they returned without saying anything, and rode home, is not corroboration of penetration, necessary, under Penal Law (Consol. Laws 1909, c. 40) § 2013, for conviction.
    [Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 83, 84; Dec. Dig. § 54.*]

    Burr, J., dissenting.

Appeal from Trial Term, Dutchess County.

Frank Kline was convicted of rape in the second degree, and appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

---

James E. Carroll, of Poughkeepsie, for appellant.
John E. Mack, Dist. Atty., of Poughkeepsie (Edward A. Conger, Asst. Dist. Atty., of Poughkeepsie, on the brief), for the People.

WOODWARD, J. The judgment of conviction in this case must be reversed. It is not to be distinguished in any essential particular from the case of People v. Seaman, 137 N. Y. Supp. 294, decided herewith, where the complaining witness was a sister of the complaining witness in the present case, except that it does not appear in the present case that the complainant, after having been taken from the wagon and carried over the fence, in almost identically the same manner as is testified to in the Seaman Case, came back and reported the alleged fact to her sister that she had been raped. With this one factor out of the case, the story in both cases is essentially the same, and it must be admitted that it is very remarkable that two different men, under very much the same circumstances, with a sister present in both cases, should have dragged a young woman from a wagon and carried her, resisting, over a fence and out into a field, and there had sexual intercourse with her. But, aside from the probabilities of the case, my position, as in that of People v. Seaman, is that there is absolutely no evidence of penetration, and without this the crime of rape cannot be established. This was squarely held in People v. Tench, 167 N. Y. 520, 60 N. E. 737, where the court say:

"A careful scrutiny of the testimony renders it obvious that if the proof was sufficient to establish actual penetration, however slight, the conviction of the defendant was justified. * * * It is not pretended that there was any direct evidence of that fact. The prosecution, however, claims that it might be established by circumstantial evidence, and that there was proof of circumstances which justified the jury in finding it. * * * While it may be established, like any other fact, by circumstantial evidence, yet the same rule as to the weight and effect of that species of evidence must apply in the establishment of that fact as applies to any other essential element of crime. The evidence discloses that the defendant had previously been guilty of most atrocious and loathsome practices upon this young girl. He was found by the police in a room alone with the girl, who was lying upon the bed in a position and under conditions which left no room for doubt as to defendant's purpose in taking her there. * * * While the proof established the opportunity and the purpose of the defendant, it did not establish the act, but tended quite as strongly to show that he was surprised before the act was performed. Under these circumstances, while the record discloses a condition which indicates that the punishment inflicted upon the defendant was justly merited, and that he should have been convicted of an attempt to commit the crime of rape, for which he might have been punished, still, for the error pointed out, it is our duty, in the just and proper administration of the law, to reverse the action of the trial court."

Here there is no evidence whatever of actual penetration, with the exception of that furnished by the complaining witness, who says that the defendant had sexual intercourse with her at the time that she was taken from the wagon. But she did not make any such claim at the time. She did not tell her sister, and the young man who was with her, that anything had occurred. She just came back to the wagon and rode home with the defendant; the sister and the young man being in the rear seat. The statute says there

shall be no conviction upon the unsupported testimony of the complaining female, and there is no such supporting evidence in this case. In the Tench Case the girl was under the age of consent. There was an attempt to produce evidence tending to show penetration; but the court, analyzing the testimony, found that it did not go to prove the necessary fact, and reversed the conviction.

As in the Seaman Case, the judgment should be reversed. The evidence is certainly of a very questionable character, even in the matters in which it meets the requirements of the law, and upon the essential element of the crime, which I have pointed out, the case is without corroboration.

JENKS, P. J., and RICH, J., concur. HIRSCHBERG, J., concurs in result.

BURR, J. (dissenting). This is an appeal from a judgment of the Supreme Court, sitting in Dutchess County, convicting the defendant of the crime of rape in the second degree, for having perpetrated an act of sexual intercourse with a female not his wife, under the age of 18 years. Penal Law, § 2010. There is no dispute as to the age of the complainant. At the date of the alleged offense she was 17 years and about 9 months old. She testifies that during the month of May—the exact date is not given—she, in company with her sister Jessie, met the defendant and one Knapp in the streets of Poughkeepsie. Defendant worked in Erts' stables. He hired a horse and wagon, and he and Knapp and the two girls went out for a ride. Complainant testifies that they went around Manchester Bridge, through Titusville, and then toward home. She was sitting in the front seat with Kline. Knapp was on the back seat with her sister. Between Manchester and Titusville Kline stopped the horse, asked the complainant to get out, and, when she refused, pulled her out of the wagon, took her over the fence, and then had sexual intercourse with her.

The corroborating testimony consists of evidence of the sister to the effect that they met defendant one night in May, and went to ride; that, when they got to Titusville, defendant stopped the horse, pulled complainant, Mabel Sitzer, out of the wagon, and took her over the fence; that when he pulled her out of the wagon she made an outcry; that after taking her over the fence he remained with her some time, then brought her back, and they got in the wagon and drove on to Poughkeepsie. She testifies that Knapp was holding her in the wagon when Kline pulled her sister out and took her over the fence, and she admits that, while Kline had her sister behind the fence, she was having connection with Knapp in the wagon.

Defendant claims that there is not sufficient corroborating evidence of complainant's testimony. Penal Law, § 2013. I am inclined to think that there is, although it is rather weak. It clearly appears that both complainant, Mabel Sitzer, and her sister Jessie, were wayward girls. They had been sent to the Bedford Reformatory about the 1st of June, two or three weeks after this occurrence. The reason for their commitment is not clearly shown; but from

the cross-examination by defendant's counsel it would appear that the girls, who had been employed in domestic service or working in a factory, had been without a home for some days before their commitment, and were sent to Bedford on a charge of vagrancy. Complainant admits that in the month preceding she had intercourse with one Frank Seaman, and that Seaman also had intercourse with her sister.

The stopping of the wagon at night in the midst of the drive, asking the complainant to alight, taking her over the fence behind the stone wall, and remaining there for a considerable time, furnished the opportunity for intercourse; and knowing the character of the girl and the surrounding circumstances, in the absence of any other explanation as to the purpose of it, the natural inference would be that the opportunity for intercourse was taken advantage of.

The defendant took the stand in his own behalf. While no presumption can arise against the defendant for failing to take the witness stand, if he does take the stand and testify, such reasonable presumptions as arise from the character of his testimony may be indulged in. He denies several things that the girls did not accuse him of, contradicts them on some unimportant points, and then says:

"I never took a ride to Titusville with these girls and Fred Knapp. I never took a ride with these girls."

Their testimony was not that they invited him to ride with them, but that he invited them to ride with him. It is rather significant that he fails to deny that he did have intercourse with the complainant at the time and place specified.

The rule as to corroborating evidence is not always clearly stated. In People v. Grauer, 12 App. Div. 464, 42 N. Y. Supp. 721, the court say:

"The evidence under this section [section 283, subd. 5, of the Penal Code, now section 2013 of the Penal Law] to support that of the female need not be direct. It may be circumstantial. It need not be, in and of itself, convincing or conclusive; but it must be corroborative of the female's evidence."

Opportunity is one factor to be considered under such circumstances; inclination is another. As was said in People v. Freeman, 25 App. Div. 583, 50 N. Y. Supp. 984, affirmed 156 N. Y. 694, 50 N. E. 1120:

"An act of adultery on one day does not, of itself alone, furnish adequate evidence of a similar act on a preceding day, for all such relations must have a beginning. But in connection with direct or circumstantial evidence of the antecedent act, subsequent acts of a similar character may, by reason of their close connection with or their natural relation to the antecedent act, have a certain probative value. Acts of illicit intercourse are not apt to be sporadic. They evidence an adulterous disposition in the parties involved, which, upon opportunity, usually results in repetitions of the guilty act."

In People v. Page, 162 N. Y. 272, 56 N. E. 750, the court states:

"The rule in such cases is that the corroborative evidence, whether consisting of acts or admissions, must at least be of such a character and quality as tends to prove the guilt of the accused by connecting him with the crime. A corroboration must extend to every material fact essential to constitute the crime."

The material facts here are the age of the girl and the act of sexual intercourse. The age is not a disputed fact. The opportunity for sexual intercourse presented itself when the defendant took the girl from the wagon over the fence and kept her there for some 20 minutes. The inclination to indulge in sexual intercourse on the part of the girl is established by evidence of her wayward character and previous dissolute acts. While not very satisfactory, there is some evidence of corroboration. She stated to her sister, immediately after returning to the wagon that "it hurt her," although defendant had told her "it would not hurt." I think that a jury might well refer this to penetration, accompanying an act of sexual intercourse. "Whether there is any evidence of corroboration in such a case is a question of law for the court." People v. Page, supra. The sufficiency of such corroboration was for the jury, and I have no doubt that they decided correctly.

The only other point raised by the defendant is as to the exclusion of certain written statements made by the complainant and her sister, apparently at the time that they were under arrest at the police station. When the statement of complainant was first offered in evidence and marked for identification, there was no proper foundation laid to admit it by way of impeachment. Afterwards it appeared that she did sign the statement, and the court then said that, if there was anything in the statement which related to the defendant, he would admit it, excluding any statements that might tend to contradict her upon collateral matters as to which she had been examined. Defendant's counsel then seems to have acquiesced in the ruling excluding it, for he made no further offer of it. There is no reference to the defendant in it, and I think that it was inadmissible. With regard to the statement of Jessie Sitzer, the witness, this was not offered in evidence until the close of defendant's case. The court then said:

"Unless it contains something in relation to this defendant and the crime with which he is charged, I will not receive it."

That was a proper ruling as to contradiction upon collateral matters. There is a reference apparently to the occasion when Knapp and the defendant took the girls out in the wagon; but this statement not only does not contradict her, so far as it relates to that occasion, but confirms her testimony.

I think that the judgment should be affirmed.