(152 App. Div. 495.)

## PEOPLE v. SEAMAN.

(Supreme Court, Appellate Division, Second Department.   September 10, 1912.)

RAPE (§ 54*)—EVIDENCE—CORROBORATION.

>    Testimony of the sister of complainant, in rape, that defendant, who was riding with them, took complainant from the wagon, and carried her over a fence, that on account of the darkness she could not thereafter see them, but that she heard complainant's cries for help, and that on their return complainant said it hurt her, is not corroboration of penetration, necessary, under Penal Law (Consol. Laws 1909, c. 40) § 2013, for conviction.

>    [Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 83, 84; Dec. Dig. § 54.*]

>    Burr, J., dissenting.

Appeal from Trial Term, Dutchess County.

Frank Seaman was convicted of rape in the second degree, and appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

John F. Ringwood, of Poughkeepsie, for appellant.

John E. Mack, of Poughkeepsie (Edward A. Conger, Asst. Dist. Atty., on the brief), for the People.

WOODWARD, J.   The story of the complaining witness, who was 16½ years of age at the time of the alleged assault, is to the effect that she was employed as a domestic in a home in Poughkeepsie; that she and her sister, who was then under the age of 18 years, having a half day off, in the latter part of April, 1911, went to the home of the defendant, who lived upon a farm about three miles out of the city, to visit him. The defendant lived with his parents, and was engaged at the time in delivering milk from a wagon which he drove daily into the city. He was about 21 years of age. She says that they stayed at the farm from about 2 o'clock in the afternoon to 8:30 in the evening, without supper, and that at about 8:30 in the evening the defendant hitched his horse to a milk wagon and started to take them home; that when about halfway to the city the defendant got her to drive the horse, while the defendant tied a handkerchief around her sister's mouth to prevent her "hollering," and that when this had been done the complaining witness turned the reins over to the sister, and that the defendant pulled her off the wagon, carried her over a stone fence, laid her down, and consummated his purpose. She says that she was resisting all the time, "hollering" loud enough so that her sister could hear, and that after the act had been consummated she returned with the defendant to the wagon, where she told her sister that it hurt her, and that the defendant had told her it would not. She says they then got upon the wagon, and the defendant drove her to the home of her employer, where she and her sister got out, and that nothing was said to any one about what had occurred, except what she had said to her sister.

The sister, who was the only other witness called by the people, except as to the age of the complainant, testified to substantially the same state of facts, but admits that she took off the handkerchief from her mouth after the defendant had taken her sister from the wagon. She says that she heard her sister's cries for help, but that she would not leave the horse and let him go home, because she was not going to walk home. Her whole testimony is decidedly flimsy. She says, however, that the night was very dark, and that she could not see the defendant and her sister after they got over the stone fence. The complainant says that the defendant took her a little ways out into the field, and that he had sexual intercourse with her there.

There are two provisions of the Penal Law which are important to be considered upon this appeal. Section 2011 provides that:

"Any sexual penetration, however slight, is sufficient to complete the crime."

And section 2013 provides that:

"No conviction can be had for rape or defilement upon the testimony of the female defiled, unsupported by other evidence."

We may assume that the complainant's testimony that the defendant had "sexual intercourse" with her out in the field complied with the requirement that there should be penetration in some degree, but we shall search the record in vain for any corroboration of this alleged fact. The sister does not pretend that she saw the act. All that she says is that Jessie told her that it hurt her. It is only what the complainant told her. There is absolutely no evidence of soiled clothes, of any indignant accusation, or of any declaration of the fact to any one who was not present. The rule in such cases is that the corroborative evidence, whether consisting of acts or admissions, must be at least of such a character and quality as tends to prove the guilt of the accused by connecting him with the crime. The corroboration must extend to every material fact essential to constitute the crime (People v. Farina, 134 App. Div. 110, 111, 118 N. Y. Supp. 817, and authority there cited); and as the crime of rape depends upon actual penetration, however slight, the mere fact, if it was a fact, that the defendant took this girl from the wagon, and carried her over the fence and out into the darkness, is not evidence of penetration. It might be evidence of an attempt to commit rape, but it is not evidence of the consummation of that crime. While the fact of penetration may be established, like any other fact, by circumstantial evidence, yet the same rule as to the weight and effect of that species of evidence must apply in the establishment of that fact as applies to any other essential element of crime. People v. Tench, 167 N. Y. 520, 523, 60 N. E. 737.

"The testimony of the physician that it was possible to accomplish slight penetration and leave no trace, if there was no force," say the court in the last above cited case, "even if admissible, was not sufficient to justify the jury, in the absence of proofs of any marks upon the girl or other proof of penetration, in finding that fact. As that was an essential and indispensable ingredient of the crime of which the defendant was convicted, and as his guilt was required to be proved beyond a reasonable doubt, it follows that

his conviction was illegal, unless that fact naturally flowed from the circumstances proved, was consistent with them all, and they were such as to exclude to a moral certainty every hypothesis which did not include its perpetration. The arbitrary presumption of the law is that the defendant did not perform the act charged, and, as the evidence was insufficient to overcome that presumption, the conviction cannot be sustained."

That is clearly the case now before us. There is no direct and positive evidence of actual penetration, even on the part of the complainant, though we have assumed that this might be inferred. But upon the corroboration as to this essential ingredient of the crime there is absolutely no evidence whatever. The only witness called does not pretend to have seen anything beyond the act of the defendant in taking the complainant from the wagon and carrying her over the stone fence. All beyond that comes directly from the complainant. They were the mere declarations of the complainant, and were no stronger than her testimony. A witness cannot generally be corroborated by proving declarations, made out of court, of the same facts testified to in court. In cases of rape, disclosures made by the female within a reasonable time after the outrage are admissible as a part of the people's case, and the female may testify when and to whom made and the nature of the disclosure. But since the disclosure comes from the complainant herself, directly or indirectly, and depends wholly upon her veracity, it is not "other evidence" in support of her version of the affair within the meaning of the statute. People v Page, 162 N. Y. 272, 276, 56 N. E. 750.

The judgment appealed from should be reversed, and a new trial ordered.

JENKS, P. J., and RICH, J., concur. HIRSCHBERG, J., concurs in result. BURR, J., dissents.

