(78 Misc. Rep. 480.)

### PEOPLE v. HYDE.

(Supreme Court, Special Term, New York County. December, 1912.)

CRIMINAL LAW (§ 1073*)—CERTIFICATE OF REASONABLE DOUBT.

Where, from the language of the bribery statute and the absence of decisions in point, questions of law ought to be determined by an appellate tribunal, a certificate of reasonable doubt will be granted as to whether an instruction defining bribery was erroneous, whether the facts charged constituted a crime, and whether the acts of defendant as found by the jury constituted the crime of receiving a bribe.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2730; Dec. Dig. § 1073.*]

Charles H. Hyde was convicted of bribery, and applies for a certificate of reasonable doubt and stay of execution. Application granted.

See, also, 149 App. Div. 131, 133 N. Y. Supp. 780.

Charles S. Whitman, Dist. Atty., of New York City, for the People.

Stanchfield & Levy, of New York City (John B. Stanchfield, of New York City, of counsel), for defendant.

GOFF, J. Were the law as clear as the facts, made so by the verdict of the jury, there could not justly arise any doubt of the defend-

ant's guilt; but from the language of the statute and the absence of authority directly in point questions of law are involved which are of sufficient merit to receive that careful consideration and authoritative determination which an appellate tribunal alone can give. At common law the simple practice was for the justice presiding at the trial to reserve mooted questions of law for the opinion of the judges and meanwhile stay the execution of the sentence. Under the more elaborate system of our Code procedure the execution of sentence cannot be stayed unless—by a process of legal metaphysics—a justice of the Supreme Court will certify a reasonable doubt that the conviction will stand.

From the arguments of counsel, as well as what has become a settled practice, it may be safely assumed that an application for such a certification will be made. This procedure will necessarily entail both expense and delay to the defendant, as well as to the people, and incidentally present the anomaly of one justice of the Supreme Court sitting in review of the judicial action of another justice of the same court, who was vested with original jurisdiction. As a matter of right the defendant may appeal within one year after his conviction; but the stay of execution of sentence is not linked with that right, and may be granted or refused in discretion. If there has been reversible error in the conviction, it is manifestly to the advantage of the defendant to be relieved of the stain as soon as possible; and if there has not, it is the duty of the district attorney to see to it that the judgment of the law be enforced. Therefore, in order to expedite and aid the defendant's remedies and to invoke the authority of the Appellate Division, I grant, under section 527 of the Criminal Code, a certificate of reasonable doubt on the following questions:

Whether the instruction given to the jury defining the crime of bribery, as applying to the acts of the defendant in evidence, was erroneous.

Whether the facts set out in the indictment constitute a crime, and if the defendant has been sufficiently apprised thereof.

Whether, under the statute, the acts of the defendant, as found by the jury, constitute the crime of receiving a bribe.

In addition, I will grant an order staying execution of the sentence and admitting the defendant to bail in the sum of $25,000 pending appeal, on condition, however, that within 10 days herefrom he files a notice of appeal, and brings on his appeal for argument before the Appellate Division not later than the first Monday of April, 1913. In the event of the failure of the defendant to file a notice of appeal and bring it on for argument within the time mentioned, the order granting the stay and admitting to bail shall be vacated and set aside on the application of the district attorney to any justice of the Supreme Court.

Ordered accordingly.