PEOPLE v. DE NIGRIS.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. RAPE (§ 52*)—EVIDENCE—AGE OF FEMALE.

Where, on a trial for rape in the second degree, the girl and her stepmother, who was her mother's sister and acted as midwife at her birth, testified to the date of her birth, the evidence as to her age was sufficient.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 71–74, 76; Dec. Dig. § 52.*]

2. RAPE (§ 54*)—EVIDENCE—CORROBORATION OF FEMALE.

On a trial for rape in the second degree, the evidence to corroborate the girl's testimony as to the act of intercourse need not be direct, but may be circumstantial.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 83, 84; Dec. Dig. § 54.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. RAPE (§ 54*)—EVIDENCE—CORROBORATION OF FEMALE.
> On a trial for rape in the second degree, evidence that accused took a young, unmarried girl to a furnished room, held her out as his wife, and occupied the room with her for several nights, was sufficient corroboration of her testimony as to the act of intercourse.
>
> [Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 83, 84; Dec. Dig. § 54.*]

Appeal from Trial Term, New York County.

Joseph De Nigris was convicted of rape in the second degree, and he appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Louis A. Cuvillier, of New York City, for appellant.

Louis Fabricant, of New York City, for the People.

SCOTT, J.   The evidence establishes quite satisfactorily that the defendant took the complaining witness, a young girl, to what is described as a furnished room house, and there cohabited with her on two or three successive nights.

Apart from the defendant's denials, which are quite unconvincing and failed to impress the jury, there are but two questions involved: First, as to complainant's age; and, second, as to whether or not there was sufficient corroboration.

[1] Upon the first point the evidence was sufficient. Not only did the girl herself testify to the date of her birth, but she was corroborated by her stepmother, her mother's sister, who had acted as midwife at her birth.

We consider, also, that there was sufficient corroboration. The complainant herself testified positively to the repeated commission of the act of intercourse, and on terms which fully satisfied the definition of rape. Her story was corroborated in every detail, except that, naturally enough, no third person testified to the actual fact of penetration.

[2] We do not consider that such minute corroboration was requisite. It is well settled that, in a case like the present, the corroborating evidence need not be direct, but may be circumstantial; and this is necessarily the rule, else few convictions could be secured even in flagrant cases. People v. Kearney, 110 N. Y. 194, 17 N. E. 736; People v. Plath, 100 N. Y. 590, 3 N. E. 790, 53 Am. Rep. 236; People v. Adams, 72 App. Div. 166, 76 N. Y. Supp. 361; People v. Grauer, 12 App. Div. 464, 42 N. Y. Supp. 721.

[3] The corroborative evidence tended to prove that defendant took a young, unmarried girl to a furnished room, held her out as his wife, and remained there, occupying the room with her for several nights. Such evidence would be quite sufficient to sustain a finding of adultery, if that were the issue; and, as we think, is equally sufficient to corroborate the complainant's positive statement that the crime of rape was consummated. No more minute corroboration was necessary. The appellant relies upon two cases recently decided in another de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

partment, which as it is claimed hold it to be necessary that there must, be direct corroborative evidence of the consummated act of intercourse. People v. Kline, 152 App. Div. 438, 137 N. Y. Supp. 296; People v. Seaman, 152 App. Div. 495, 137 N. Y. Supp. 294. We do not understand that these cases lay down any such stringent rule. It was found in both these cases that there was in effect no corroboration; and it was upon that complete lack that the decisions turned.

Judgment affirmed. All concur.