# NEW YORK

# CRIMINAL REPORTS

## VOL. XXXVI

SUPREME COURT — SPECIAL TERM —
MONROE COUNTY.

June, 1917.

## THE PEOPLE v. WALTER REA.

(100 Misc. 434.)

CERTIFICATE OF REASONABLE DOUBT—APPLICATION FOR APPEAL—CODE CRIM.
PRO., § 527.

A certificate of reasonable doubt under section 527 of the Code of
Criminal Procedure may be granted as to rulings upon the trial and
also as to any other grounds for reversal which the appellate court
may consider, and which the court to which the application is made
believes ought to be reviewed by the appellate court, but where there
is no reasonable doubt upon the whole case as to whether or not the
judgment of conviction should stand the application should be denied.

APPLICATION for certificate of reasonable doubt from con-
viction for attempted rape in the first degree.

*Louis E. Fuller,* for application.

*John W. Barrett, District Attorney (James Mann* and
*J. Donald Shoecraft,* of counsel), opposed.

Rodenbeck, J.:

Under the common law it was the practice upon conviction in criminal cases to reserve mooted questions of law and meanwhile stay the execution of the sentence, but under the Code of Criminal Procedure the execution can be stayed only upon the certificate of the court in which the conviction was had, if a court of record or of the Supreme Court, that " there is reasonable doubt whether the judgment should stand." (Code Crim. Pro., § 527; People v. Hyde, 78 Misc. Rep. 480.) In neither civil nor criminal proceedings does an appeal stay the execution of the judgment, but in civil actions a stay may be secured as a matter of right upon giving the proper undertaking while in criminal proceedings the execution of the sentence can be stayed only when a certificate of reasonable doubt has been granted. Under this procedure the defendant's conviction may be reversed after he has served a part or the whole of the sentence imposed upon him and against this contingency he has no remedy except through a certificate of reasonable doubt. The Legislature in the enactment of the provision requiring a certificate of reasonable doubt as a condition of a stay of execution of sentence undoubtedly weighed the advantages and disadvantages of granting a stay upon an appeal in every case and prohibiting it entirely and decided that the wisest course would be to permit the defendant in a close case to obtain a stay of sentence by securing a certificate that there is a reasonable doubt " whether the judgment should stand." The evil effect upon public opinion of permitting a defendant convicted of a crime to be at liberty pending his appeal was weighed in the balance with the chances of undeserved imprisonment upon a reversal of a conviction and it was determined that the individual should suffer in the exceptional case to preserve a due respect for the administration of the criminal law protecting the defendant in a doubtful case by the right to appeal to the court in which he was convicted, if a court of record, or to the Supreme Court for a stay of execution of the sentence upon

satisfying the court that there was a reasonable doubt whether or not the conviction should stand. In granting this power the Legislature has not required the court to which application has been made to be satisfied that there should be a new trial. It is sufficient under the language of the statute if the court has a reasonable doubt with reference to the lawfulness of the conviction. It is sufficient if the court is satisfied that a question of law is raised which ought to be considered by the appellate tribunal. (People v. Valentine, 19 Misc. Rep. 555; People v. Meadows, 62 id. 573; People v. Stephenson, 11 id. 141; People v. Hummel, 49 id. 136.) It is not necessary to determine whether the error warrants a new trial nor is it necessary to show that it was prejudicial to the defendant. But in determining the question as to whether or not the judgment should stand the court is not confined to alleged errors to which exceptions were taken upon the trial. Its power to review the record for the purpose of determining whether or not the judgment should stand is as broad as that of the appellate court and it may grant a certificate if in its judgment there is a reasonable ground for believing that the verdict is against the weight of evidence or against the law or that justice requires a new trial. The court in granting the certificate may act upon any matter which the appellate court is authorized to consider in reviewing the record, for the section vests the court with power to determine whether or not there is a reasonable doubt that "the judgment should stand." (Code Crim. Pro., § 527.)

One of the alleged errors upon which this application is based relates to the charge of the court upon the subject of the resistance that the complainant was required to made. The charge was entirely in accord with the rules laid down by the courts upon that subject. (People v. Connor, 126 N. Y. 278, 281; People v. Dohring, 59 id. 374.) Another error alleged as a ground for the certificate is the ruling of the court upon the question put to the defendant upon cross-examination as to why he did not notify the authorities when he observed the

other men assaulting the complainant. This question was proper upon cross-examination for the purpose of testing the credibility and impeaching the character of the witness. When the defendant went upon the stand he opened the door to any disparaging questions on cross-examination relevant to the issues which might impeach his moral character or affect his credibility as a witness. The question asked came within this rule. (People v. Noelke, 94 N. Y. 137, 143.) A third alleged error assigned as a ground for this certificate is the statements of the court in its charge relating to corroborating evidence. There is no rule of law which forbids the court from calling attention to evidence in the case for the consideration of the jury. It was the privilege of counsel for the defendant to ask the court to call the jury's attention to any other evidence than that to which the court had called attention. The language referred to in the court's charge is as broad as the evidence itself for the jury were instructed that they might take into consideration in determining whether the complainant's testimony was supported by other evidence in the case not only that to which attention was called but that of " all the witnesses including the defendant himself."

There are no other grounds in this case upon which a certificate could reasonably be granted. Defendant was convicted of attempted rape in the first degree. The elements of this crime include an intention and an attempt to commit the crime, the employment of force against the resistance by the complainant. (Penal Code, § 2010, subd. 2.) The complainant testified upon the trial and it was necessary that her testimony should be supported by other evidence to warrant a conviction. (Penal Code, § 2013.) The corroboration extends to every material fact essential to constitute the crime but may be circumstantial evidence. (People v. O'Sullivan, 104 N. Y. 481, 5 N. Y. Crim. 235; People v. Kearney, 110 id. 188, 7 N. Y. Crim. 106; Kenyon v. People, 26 id. 203; People v. Page, 162 id. 272, 274, 14 N. Y. Crim. 513; People v. Plath, 100 id. 590, 4 N. Y.

Crim. 53; People v. De Nigris, 157 App. Div. 798; People v. Adams, 72 id. 166; People v. Grauer, 12 id. 464.) The evidence of the complainant covered the elements of the charge upon which the defendant was convicted and she was supported in essential respects by the testimony of an accomplice of the defendant who had pleaded guilty to a similar charge and who is now confined at Elmira Reformatory. It was necessary, however, that the testimony of this witness should be corroborated. Under the common law a conviction was proper on the testimony of an accomplice alone if the jury were satisfied of the truth of the statements made by the accomplice (People v. Mayhew, 150 N. Y. 346, 353, 11 N. Y. Crim. 513), but under the Code of Criminal Procedure no conviction can be had unless his testimony be corroborated by such other evidence as " tends to connect the defendant with the commission of the crime." (Id., p. 353; People v. O'Farrell, 175 N. Y. 323, 326.) There was other evidence in the case which supported the evidence of the complainant and tended to connect the defendant with the commission of the crime. (People v. Speeks, 173 App. Div. 440; People v. De Nigris, *supra.*) Under this language it was not necessary that the whole case should be corroborated outside the testimony of the accomplice. (People v. Hooghkerk, 96 N. Y. 149, 161; People v. Everhardt, 104 id. 591, 594, 5 N. Y. Crim. 91.) The law is complied with if there is some other evidence fairly tending to connect the defendant with the commission of the crime so that his conviction will not rest entirely upon the evidence of the accomplice. (People v. Everhardt, *supra.*) The question as to whether or not there is such corroborating evidence is a question of law, but when the court is satisfied that such corroborating evidence exists it is then required to submit the case to the jury " who are the sole judges whether the evidence relied upon to corroborate the accomplice is sufficient." (People v. Mayhew, *supra,* 353; People v. Hummel, *supra,* 140.) The case was

properly submitted to the jury and the facts are not such as to warrant the interference of this court by granting a certificate of reasonable doubt.

Ordered accordingly.