## SUPREME COURT APPELLATE DIVISION — SECOND DEPARTMENT.

### December 7, 1917.

## THE PEOPLE v. MAURO SIMONE.

### (180 App. Div. 555.)

RAPE *— TESTIMONY OF COMPLAINANT MUST BE CORROBERATED — PROOF NOT JUSTIFYING CONVICTION — EVIDENCE — INCOMPETENCY OF INTERPRETER.

Conviction of rape by force cannot rest upon the woman's testimony unsupported by other evidence. Her testimony alone is not sufficient to establish force beyond a reasonable doubt and there must be other evidence to corroborate her testimony in this respect.

SAME.

Evidence in an action in which the defendant was convicted of the crime of rape, first degree, examined, and *held*, insufficient to support the judgment, and that the interests of justice required a new trial.

SAME.

On the trial of such action it was error to allow a magistrate and an assistant district attorney, who had conducted a prior proceeding in the Magistrate's Court wherein the complainant had given testimony through an interpreter concerning the alleged rape, to testify as to the general incompetency of the official interpreter, for the jury may have been led to speculate as to whether the answers of the complainant were correctly interpreted.

APPEAL by the defendant, Mauro Simone, from a judgment of the County Court of Kings county rendered against him on the 24th day of January, 1917, convicting him of the crime of rape in the first degree, and also from an order of said court denying defendant's motion to set aside the verdict and for a new trial and in arrest of judgment.

*Joseph Weber* (*Francis J. Greco* with him on the brief), for the appellant.

* See Note Vols. 5, p. 251; 6, pp. 178, 247.

*Ralph E. Hemstreet, Assistant District Attorney (Harry E. Lewis, District Attorney,* with him on the brief), for the respondent.

PER CURIAM:

Conviction for rape by force cannot rest upon the woman's testimony unsupported by other evidence. (Penal Law, § 2013.) As her testimony alone is not sufficient to establish force beyond a reasonable doubt (People v. Page, 162 N. Y. 272, 277, 14 N. Y. Crim. 513), other evidence must corroborate her testimony as to force. (See, too, People v. Plath, 100 N. Y. 590, 4 N. Y. Crim. 53.) The defendant admitted the sexual intercourse, but testified that the woman consented. The woman, aged eighteen, and the man aged twenty-three years, apparently of the same station in life, were friends and neighbors and he had been her suitor. Their respective families were acquainted. The defendant had angered the woman's brother-in-law with whom she lived, so that on one occasion there had been a altercation and a violent encounter between the men. At the time of the alleged rape, the woman was betrothed to another, and was on the eve of marriage. She was induced by some of the defendant's family and friends to go with them to a christening in order to be godmother to a child of the defendant's sister. But the journey ended in the apartment of that sister, where in the evening there was a repast, and where the woman was induced to stay the night in a room adjacent to that of the defendant's sister. After she had gone to her bed, the defendant came into the room and the act of sexual intercourse was done. The complainant testifies that he came in from his sister's room, where the sister then was present. As a rule, a rape by force is attended by some circumstances as to time and place that in themselves point to violence, or is indicated by some physical marks upon the woman. But the circumstances in the case at bar are not inconsistent with a coition upon consent. There were no injuries upon her body, nor marks of force.

There was not such prompt complaint from her as could have been expected under the circumstances. She testifies that the defendant tore her drawers, and there is proof that they were found in that condition, but whether the defendant tore them depends entirely upon her veracity, and hence is subject to the comment made in People v. Seaman (152 App. Div. 495, 499.) That article and the bedclothes were bloodstained, but the complainant testifies that she was in menstruation at the time. The woman testifies that the defendant came to her bed, stifled her outcries and overcame her resistance. But she also testifies that there were three or four acts of intercourse, and that thereafter she was so stupefied that she slept the whole night through. According to her testimony, the defendant lay beside her with his eyes closed, if not sleeping, but when she sought to leave the bed and go out from the room the defendant told her not to cry, but to be quiet. There remained in the apartment that night the defendant's married sister and her husband. The question suggests itself why, if she had consented, did she thereafter assert that she was overcome? The theory of the defense is that she was in terror of her brother-in-law. He came with companions, seeking her at two A. M., but was told that she was elsewhere. He returned later in the morning with officers and found her, whereupon she was asked by her woman cousin, who had come also, " How is it you are here?" whereupon she told her story and was taken to the station house.

Regardless of the testimony adduced by the defense, we think the proof failed to satisfy the statute.

We think that the court erred in the admission of certain testimony, and that the error cannot be disregarded, certainly in a case where the proof of guilt is so unsatisfactory. The woman had been examined in a city magistrate's court. On this trial she was cross-examined as to her former testimony, to show inconsistencies between that testimony and her testimony in this trial. The cross-examiner used the stenographic minutes of the former proceeding, which by consent were read in

evidence. The witness denied some of her answers, and testified to non-recollection of others as recorded in those minutes. Thereupon the People called the magistrate and the assistant district attorney who had conducted the proceedings. And they were permitted to testify, *not as to the testimony in question as given by the woman in the magistrate's court,* but to the general incompetency of the official interpreter in that court who had interpreted her testimony. This ruling of the learned court that allowed a trial of the interpreter's general qualifications may have permitted the jury to surmise or speculate therefrom whether the answers were correctly interpreted by him. As we are of opinion that the interests of justice are best subserved by the order for a new trial, the judgment of conviction is reversed for that purpose.

The judgment of conviction is reversed on the facts and the law, and a new trial is ordered.

JENKS, P. J., MILLS, PUTNAM and BLACKMAR, JJ., concurred; THOMAS, J., concurred upon the second ground stated in the opinion.

Judgment of conviction of the County Court of Kings county reversed upon the facts and the law, and a new trial ordered.