Bergan, J.
Defendant is a 38-year-old Negro. He has been convicted in the County Court of Albany County of rape, second degree, on a 13-year-old white girl. Having three times before been convicted of felony, he was sentenced to prison for an indeterminate term of from fifteen years to life, conformably with the mandatory duty of the court. (Penal Law, § 1942.)
The trial of such a case required, and received from the presiding Judge, care and skill in judicial guidance and impartial presentation to the jury in the direction of avoidance of prejudice which could easily attach itself to an accusation of this kind.
Between the time of the verdict of the jury and the imposition of sentence, the defendant moved on the minutes of the G-rand Jury before the Supreme Court to which the indictment had been returned, for a dismissal of the indictment upon the grounds that it had not been found upon sufficient evidence and had been based upon illegal evidence in violation of defendant’s constitutional privileges.
*184 The court at Special Term considered the motion on the merits and denied it. The verdict was returned October 17, 1945; the order of the Special Term was entered March 5, 1946; and sentence was imposed by the County Court March 14, 1946. The appeal is both from the judgment of conviction and the order denying the motion to dismiss the indictment.
The procedural question is thus presented squarely whether a motion addressed to an indictment on constitutional grounds is admissible after a verdict of guilty and before the imposition of sentence, which in a criminal case constitutes the judgment. (Code Crim. Pro., § 482.) Only if the motion was then available may the merits upon which it was decided be reached.
It has been said very often in New York that where an indictment is found without evidence or upon illegal or incompetent evidence the court has authority to dismiss it, and in the exercise of its judicial function to transcend a denial by the Legislature of that power in plain language; because the duty of the court to protect the constitutional right that the indictment be well founded is imperative and beyond legislative prohibition.
When the Legislature in 1897, added the qualifying words 1 ‘ but in no other ’ ’ to the enumerated grounds in section 313 of the Code of Criminal Procedure, upon which an indictment may be set aside on motion (L. 1897, ch. 427), Judge Werner in a notable opinion in People v. Glen (173 N. Y. 395, 399-400 [1903]) stated the view of the court that the limitation is without effect where an invasion of constitutional rights is involved.
No constitutional infirmity was found in the indictment there considered; but although the constitutional question was not directly decided, the opinion has been extensively quoted and followed since then, and the amendment to section 313 of the code has always been read with this reservation in mind. People v. Sweeney (213 N. Y. 37) and People v. Nitzberg (289 N. Y. 523) are examples.
There is, however, a difference between a total deprivation of any procedural avenue to attack an indictment for insufficiency of evidence in the constitutional sense, such as the words “ but in no other ” suggest, and a reasonable limitation on the time and manner in which the attack must be made. This kind of limitation would itself be supposed to fall within the frame of the legislative power to regulate judicial procedure continued and preserved by section 20 of article VI of the Constitution.
There has been a fairly rigid adherence to the procedural remedies made available by statute in criminal cases for attack upon the indictment for defects not bringing up an examination *185 of constitutional rights. Usually the procedural facilities must be followed or the right is waived. (People v. Wiechiers, 179 N. Y. 459.) The Legislature may properly deny entirely any procedural remedy for defects of this sort. (People v. Petrea, 92 N. Y. 128, 144-145.)
The attack on an indictment after a plea or verdict of guilty by a motion in arrest of judgment pursuant to section 467 of the Code of Criminal Procedure, for the defects “ mentioned ” in section 331 must be made “when the defendant is called for judgment ” (§ 469) and this requirement has been followed. (People v. Willett, 213 N. Y. 368, 375; cf. People v. D'Argeneour, 95 N. Y. 624, 631.) The motion for a dismissal of an indictment on the grounds specified by section 313 must be made at the time of arraignment unless the “ hearing ” is “ postpone [d] ” (§ 315), and if not so made the objections are waived and the defendant precluded (§ 314). A decision on such a motion must precede a plea (§ 316).
When the procedural scheme of the code is viewed in its entirety, it would seem to have been the legislative intent that the time the defendant is “ called for judgment ” (§ 469) fixes the terminal point in time for all attacks upon the sufficiency of the indictment and that the judgment puts the question at rest. (People v. D'Argencour, supra.)
While these limitations of time are certainly applicable to mere procedural defects or defects in form not reaching fundamental rights, there have been judicial intimations that the limitations would extend to constitutional questions as well, which may be and often have been the subject of statutory regulation as to the time and form of presentation. (Pierson v. People, 79 N. Y. 424, 429; Dodge v. Cornelius, 168 N. Y. 242; People v. Wurzler, 184 Misc. 224.)
In People v. Giordano (114 Misc. 62) the Court of General Sessions stated that motion addressed to an indictment on constitutional grounds comes too late if made after judgment. The effect of this decision must be evaluated cautiously, however, because the motion that was actually before the court was for an inspection of the minutes, and the theory of the decision was that if the motion to dismiss could not be made after judgment it would be futile to inspect the minutes for that purpose.
When the review of the motion reached the Court of Appeals as an incident to the appeal from the judgment of conviction, the appeal from the order was dismissed. (231 N. Y. 633.) But the dismissal of this appeal must be considered in the light of the previous view taken by the Court of Appeals that the denial of *186 a motion for inspection of the minutes, being discretionary, was not reviewable there. (Eighmy v. People, 79 N. Y. 546, 560; People v. Sweeney, 213 N. Y. 37, 42, supra.)
There seems to be no instance in the reported authorities where any court has actually allowed an attack upon an indictment based on constitutional infirmities to be initiated after a judgment of conviction. But there is no doubt whatever about the fact that in reaching the constitutional defect of an indictment, not only has the Legislature’s exclusive enumeration of grounds for attack stated in section 313 been transcended, but the time limit for such motions provided by section 315 as the time of arraignment has been broken through; and the statutory waiver imposed by section 314 disregarded. (People v. Nitzberg, 289 N. Y. 523, supra.)
In its impact on criminal procedure, this decision of 1943, is an authority of the first magnitude; and the case requires a rigid analysis of the problem the court had before it and what it did with that problem. The defendant had been indicted for murder first degree, in Kings County. The indictment was based on the uncorroborated testimony of accomplices. After indictment, corroborative testimony was found and produced on the trial. A conviction resulted which was reversed by the Court of Appeals because of errors of law on the trial and a new trial ordered.
After this reversal, defendant moved to dismiss the indictment on the ground of the insufficiency of the evidence originally before the Grand Jury. The motion was denied; the defendant again tried and convicted. No error requiring reversal was found by the Court of Appeals to have affected the second trial, but on the appeal from the order denying the motion to dismiss the indictment which came up as an incident to the appeal from the judgment, the court reversed the order and dismissed the indictment.
Since the motion to dismiss the indictment came after the first trial and its reversal, it came very long after the time fixed by the sections which follow and govern motions under section 313. Thus, it was held clearly that when a motion showing constitutional infirmities growing from inadequacy of proof underlying an indictment is made before a trial, it will be granted even though upon the trial, as the appellate court is able to see on reviewing the judgment, the infirmity is fully corrected and the verdict of guilty is properly reached.
The opinion of Chief Judge Lehman dealt with some aspects of related procedure beyond the question decided. If the judgment has “ been entered upon a verdict untainted by any *187 reversible error at the trial ”, he said, the court “ may properly deny ” a motion to dismiss the indictment on constitutional grounds after judgment (p. 530). The theory is that a verdict of guilty fairly arrived at gives full assurance that constitutional protection has been afforded the accused upon the whole case.
But if this question is looked at conversely, the power to deny in those circumstances is" not the equivalent necessarily of the absence of a power to entertain and consider the motion after judgment; and, indeed, if the result of the trial is to be regarded as an element to be considered upon whether the Grand Jury’s determination was founded with due regard for the constitutional rights of the accused, the motion after the verdict and after judgment could be entertained in a proper case.
At least the power to hear it on the merits would exist, but a consideration of the merits would then include the weighing of the result at the trial against the constitutional infirmities charged against the indictment. What the court actually decided was that where the indictment is based on insufficient evidence in respect of corroboration and the motion is made to dismiss it before the trial, the indictment will be dismissed even though the insufficiency of proof is later corrected at the trial and there is no substantial error on the trial. What the dictum of the opinion said explicitly was a court may deny a motion after judgment even if the evidence before the Grand Jury is insufficient if the verdict upon which the judgment rests is well founded. What was implied in the dictum was that if both the indictment and the verdict are not well founded a motion to dismiss the indictment may be properly entertained and granted even after judgment.
The true utility of the motion made after a verdict, therefore, is that in a case where the verdict would otherwise be set aside for error or as being against the weight of evidence, the indictment itself could also be dismissed if based on insufficiency of evidence in the constitutional sense; whereas such a motion so grounded before a verdict warrants a dismissal of the indictment even though upon a trial there is sufficient evidence to sustain the conviction and no reversible error.
The court did not in People v. Nitzberg consider the second trial from the judgment of conviction on which an appeal was taken, as a cure for the defects of the evidence upon which the indictment was based, although the defects enumerated were met on the trial; but passed directly to the motion made before the second trial to dismiss the indictment.
It is enough for the purposes of this case to say that the Special Term had jurisdiction to entertain the motion after *188 the verdict and before defendant was called for judgment; but in that stage of the action the whole result, including the verdict of guilty, must be evaluated to determine the question of due constitutional safeguards underlying’the indictment, since the verdict itself, if properly found, could cure existing infirmities underlying the indictment. The appeal from the order, therefore, brings up the merits on which it was considered.
Pour grounds are urged by defendant to establish that the indictment was based on illegal and insufficient evidence: (1) that the Grand Jury improperly received proof of defendant’s prior crime; (2) that there was no direct proof of sexual penetration before the Grand Jury; (3) that there was not adequate proof of the age of the complainant; and (4) that the transcript of defendant’s confession was improperly received in evidence.
Proof of defendant’s prior convictions was properly before the Grand Jury. The practice set up in section 1943 of the Penal Law, by which an information charging the prior convictions may be filed by the District Attorney, is an addition to pre-existing procedure, and the right of the Grand Jury to indict as a fourth offender has not been affected. (People ex rel. Smith v. Hunt, 257 App. Div. 457.)
The complaining witness testified before the Grand Jury that she had sexual intercourse with defendant. Details of these acts were not narrated. Proof of sexual penetration, described by section 2011 of the Penal Law, may be met circumstantially and the testimony by complainant that there had been sexual intercourse is good enough to meet it. (People v. Seaman, 152 App. Div. 495; cf. People v. Tench, 167 N. Y. 520.) A narration of anatomical details is not the only way sexual penetration may be proved.
Upon the trial the mother of complainant testified that she had knowledge of the relations between her daughter and defendant which occurred in a room in her house, apparently with her permission; and from this it is argued that she was an accomplice of defendant in the crime and that since her testimony was the only proof of the age of the complainant before the Grand Jury it required corroboration which was otherwise absent from the record upon which the indictment was based.
It may be doubted that she is an accomplice from the record on the trial, since the test is whether the accomplice could himself be convicted of the crime (People v. Swersky, 216 N. Y. 471, 476) and mere knowledge of the crime would ordinarily not make such a person a principal. As Cakdozo, J., noted in *189 People v. Swersky (supra) the view at common law always was that bare permission did not make one an accessory. (P. 476.)
But even if the record on the trial be said to have demonstrated that the mother was an accomplice, the record before the Grand Jury did not, and the test of this question is whether it would appear to the Grand Jury from the record before it that the witness was an accomplice. (People v. Sweeney, 213 N. Y. 37, 45, supra.) Nothing in the record before the Grand Jury suggests any such thing.
But in any event, the corroboration required for the testimony of an accomplice need not extend to the full details of the testimony given. It is enough if it tends to connect the defendant with the crime. (People v. Elliott, 106 N. Y. 288, 292 [1887].) On a subject such as the age of the complainant which is not an element of the act of commission of the crime itself, but a condition which makes the crime possible, the rule requiring corroboration of an accomplice would not ordinarily apply.
Proof of the corpus delicti is commonly received from accomplices without requiring corroboration (16 O. J., Criminal Law, § 1430). Thus the testimony of an accomplice in a case of forgery on the subject of the handwriting of the defendant was regarded as the kind of proof not requiring corroboration in People v. Elliott (155 App. Div. 486, 496), decided in 1913, and cited as authority in People v. Sweeney (161 App. Div. 221, 225).
A stenographer who took a record of defendant’s confession read a transcript of what he had written to the Grand Jury, which he testified was correctly transcribed. It is claimed the stenographer’s recollection should have been exhausted before • he be permitted to read his transcript. If this was technical error in form it certainly was not of a kind- that touches any constitutional right of the defendant and nowhere is it suggested that the transcript was incorrect or not properly read.
The order denying the motion to dismiss the indictment on constitutional grounds was well founded on the merits and should be affirmed. The order has the additional support of the verdict of guilty fairly arrived at upon an adequate record.
Defendant had a fair trial on the indictment. He offered no proof in defense and did not testify. Oblique and inferential reference was made by the assistant district attorney to this in summation by arguing that the People’s proof was uncontradicted.
*190 The subject was fully and carefully explained in the instructions of the Judge and the jury were advised that no burden rested on the defendant to prove himself innocent; that he had a right to stand on the People’s case and contend they had not proven him guilty; and that the jury had no right to draw any inference against him for his failure to testify. These instructions were adequate to the situation presented by the record. (Ruloff v. People, 45 N. Y. 213, 223; People v. Priori, 164 N. Y. 459, 469-470; People v. Rose, 178 App. Div. 952.)
After the motion to dismiss the indictment had been denied by the Special Term, defendant made an additional motion to dismiss the indictment before the County Court at the time of sentence on the ground that the complaining witness had been committed to a school for mental defectives upon a finding that she had an intelligence rating of a mental age of six years, which would have required, so it was argued, that the court examine her preliminarily to determine her competency to testify.
This is not a good ground for the dismissal of an indictment. If the motion could be treated as broad enough to ask for a new trial it is not well founded. There is no proof in the record that a psychometric test was made of her intelligence at the time of the trial or at ány time; or that the prosecuting officer knew of any such test. Certainly no proof of it was presented to the court at any time.
At most the test could be a mere technical measure of the quantum of intelligence in aid of the jury’s own evaluation of that subject as they saw and heard the witness, and of the judge’s evaluation when her testimony was offered.
Decision depends entirely on the judgment of the Trial Judge as to the apparent intelligence of a witness over or apparently over twelve years of age, and no exact legal rule of measurement on the subject exists. (People v. Washor, 196 N. Y. 104, 109.)
Her lack of intelligence was argued to the jury by the defendant’s counsel in summation. He stated she did not have the intelligence “ of a five-year old baby ”. And it was argued by the People.
The weight to be given her testimony was thus clearly presented to the jury and in this kind of a case her testimony required corroboration in any event (Penal Law, § 2013), and it was corroborated.
A commitment to a school for mental defectives would not render the witness incompetent as a matter of law. (Barker *191 v. Washburn, 200 N. Y. 280; Simons v. Simons, 272 App. Div. 837; Hammond v. Antwerp Light & Power Co., 132 Misc. 786, 800; DeRosa v. Viggiano, 81 N. Y. S. 2d 481.)
The judgment of conviction of the County Court and the order of the Special Term denying the motion to dismiss the indictment should each he affirmed.
Foster, P. J., Hbffernan, Deyo and Santry, JJ., concur.
Judgment of conviction and order of the Special Term each affirmed.