■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT DUEGAW, Appellant.— REYNOLDS, J. P. Appeal from a judgment of the County Court, St. Lawrence County, rendered October 31, 1969 upon a verdict convicting the appellant of the crimes of rape in the first degree, unlawful imprison-

ment in the first degree, sexual abuse in the first degree, and possession of a dangerous instrument and appliance, as a felony (Penal Law, §§ 130.35, 135.10, 130.65, 265.05, subd. 9). The sole issue urged on this appeal is there was insufficient evidence of corroboration as to the crime of rape, as required by section 130.15 of the Penal Law, to sustain the convictions here involved. The complainant asserts that on the night of June 15, 1968 the appellant entered her cab on pretense of having her drive him to his sister's house, that when they proceeded to a rural location where the sister's house was allegedly located he compelled her by threat of a "machette-type knife" to drive to a spot off the road and that still threatening her with the knife he then directed her to get into the back seat of the cab, to completely disrobe and to submit to an act of sexual intercourse. Thereafter, appellant allegedly drove the cab, with the complainant as a passenger, to Massena whereupon the appellant left the cab and the complainant drove back to Potsdam where she disclosed the attack to her mother and another cab driver. There is clearly corroborative evidence that the complainant had sexual intercourse on the night of the alleged attack and that appellant, if anyone, committed the crime. The more difficult question is whether there is sufficient evidence of corroboration of the element of force. Of course, such corroboration may be circumstantial (*People* v. *De Nigris*, 157 App. Div. 798). "It need not be positive and direct and is sufficient if it affords proof of circumstances legitimately tending to show the existence of the material facts (*People* v. *Elston*, 186 App. Div. 224)." (*People* v. *Dow*, 34 A D 2d 224, 228.) Considering the surrounding circumstances the jury could properly find that there was a forcible rape within the meaning of the statute despite the complainant's admitted failure to resist (*People* v. *Yannucci*, 283 N. Y. 546). And we find sufficient corroboration of the complainant's assertions of force from the evidence, particularly from the fact that she gave a description of the knife which was subsequently found in the appellant's possession. Complainant's failure to disclose the attack until she returned to the taxi cab office from Massena could, of course, be considered by the jury on the issue of force but does not mandate a reversal of the conviction in view of the other evidence and circumstances of this case. Judgment affirmed. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J. P.