Bergaw, J. (dissenting).
The court is bound, naturally, by the direction of the Legislature that no person shall be convicted of any of the crimes described as “ sex offenses ” within article 130 of the Penal Law “ solely on the uncorroborated testimony of the alleged victim” (Penal Law, § 130.15). The need for corroboration which had applied to rape (former Penal Law, § 2013) and certain other offenses against women now attaches to a number of offenses within article 130 not involving women, of which this present prosecution for sodomy and sexual abuse, first degree, involving a 15-year-old boy is one (Penal Law, §§ 130.40, 130.65).
It is no longer possible to say, as it could have been under the former Penal Law, that corroboration is unnecessary. But what is an acceptable quality of proof to constitute corroboration remains a judicial question and the new Penal Law has not changed that. Circumstantial evidence has long been accepted in support of corroboration of rape (People v. Dow, 34 A D 2d 224; People v. Duegaw, 34 A D 2d 1043; People v. Elston, 186 App. Div. 224; People v. De Nigris, 157 App. Div. 798). But physical results which often follow rape are rare in certain other sexual offenses, especially sexual abuse of a boy by a man which is the basis of one of the charges here.
The quality of corroboration, therefore, is a matter intrinsic to the crime. The Legislature could not possibly have meant to impose the impassable barrier to prosecution of a need to produce an eyewitness to the event. The rest is a judicial question as to the reliability of the circumstantial proof.
Here there was no witness who saw the act, but the boy’s testimony of events immediately before and after the act, and identifying defendant with those events and connecting him with the boy is corroborated. The independent proof shows coercive *974 methods employed by defendant before the act to get the boy to accompany him and the distraught complaint of the boy in an effort to call the police immediately after. This kind of corroborative circumstance gives real and not imagined support to the complainant and is as good as a prosecution is likely ever to get for such an offense. The Legislature did not mean to equate frustration of prosecution with corroboration.
The opinion in People v. Radunovic (21 N Y 2d 186), on which the majority relies, was not the opinion of the court. Not any of the five opinions in that case commanded the support of four Judges. And People v. Bravender (35 A D 2d 1035), on which the majority also relies, was a circumstantial case, stronger, possibly, than the proof here, but not much. There was there no direct evidence of the act. The difference is a matter of degree. People v. Linzy (31 N Y 2d 99, decided herewith) is distinguishable in the complete absence there of independent proof of identity of the assailant.
The order of the Appellate Division should be affirmed.