## THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v. CHARLES OSTERHOUT, APPELLANT.

*Failure to arraign a prisoner and to require him to plead — when it does not afford a ground for the reversal of his conviction.*

Upon an appeal from a judgment of a Court of Sessions, convicting the defendant of an assault in the first degree, it was sought to have the judgment reversed upon the ground that the defendant had not been formally arraigned and that he did not formally plead. It appeared that he was present in court with his counsel at the trial and did not ask to plead, or object because he had not been

arraigned. After the verdict had been rendered and the jury discharged he moved, upon this ground, to have the judgment arrested.

*Held,* that the objection could not be raised by a motion to arrest the judgment. That the case was not one in which justice required the court to exercise the power to grant a new trial, although no exception was taken upon the trial, conferred upon it by section 527 of the Code of Criminal Procedure.

APPEAL from a judgment, rendered against the defendant in the Court of Sessions of Rensselaer county, convicting the defendant of an assault in the first degree.

*Orin Gambell,* for the appellant.

*La Mott W. Rhodes,* for the respondent

LEARNED, P. J.:

The prisoner was duly indicted for assault in the first degree. He was tried at the Court of Sessions and convicted. No question is made as to any improper evidence, or error in the charge, or defect in the jury. The only point made is that the prisoner was not formally arraigned, and did not formally plead. He was present with his counsel throughout the trial; did not object that he had not been arraigned, and did not ask to plead. After the close of the trial, and after the verdict had been rendered and the jury had been discharged, and on the following day this point was first made, and made by a motion in arrest of judgment.

It is manifest that no injury has been done the defendant. No plea has been rejected; no evidence offered by him has been excluded. The defect is merely technical, affecting no rights whatever. If he had refused to plead, the trial would have proceeded just as it has. The trial would not be affected because of an imperfection in the indictment which did not tend to the prejudice of the substantial rights of the defendant upon the merits. (Code Crim. Pro., § 285.) Nor may this court on appeal regard technical errors or defects or exceptions which do not affect substantial rights. (Sec. 542.) If this section is to have any meaning at all it applies exactly to a case like the present.

No suggestion is made by the able counsel who has presented the defendant's case, that any substantial rights upon the merits have been affected. Every one who knows anything of a criminal trial must see that the omission did the defendant no harm. The

arraignment was certainly a matter which a prisoner could waive. (*Pierson* v. *People,* 79 N. Y., 424.) And he need not plead unless he desires to do so. (Sec. 342.) Especially in a case where the prisoner appears with his own counsel, the omission formally to arraign and to ask for a plea is immaterial to his rights and may be deemed to be waived.

Again, the grounds of a motion in arrest of judgment are defects in the indictment. (Sec. 467.) These are stated in sections 331, 333. The omission to arraign or to ask the defendant to plead is not, and could not be, one of the defects in the indictment.

Cause against the judgment may be shown before sentence : First, insanity ; second, good cause in arrest of judgment. (Sec. 481.) The prisoner does not show insanity, and for the causes in arrest of judgment we must refer to section 467, as above. The court below could have granted a new trial for the reasons stated in section 465. None of those exist here.

Under section 517 this court on appeal can review any intermediate order forming part of the judgment-roll. By section 485 the roll may contain the bill of exceptions. When, then, we examine the bill of exceptions to see if any error was committed, we find that the only alleged error was a refusal to arrest the judgment after trial. No other exception presents the point which the defendant urges. And we have already seen by examination of section 467 that such a motion must be for defects in the indictment. But the defendant urges that the appeal brings up the roll and that this should contain the minutes of the plea (sec. 485); that the judgment-roll does not show that the defendant was arraigned or pleaded. That is true. No arraignment or plea appears in the roll. Section 527 (as amended, chap. 360, Laws 1882) permits the ordering of a new trial, whether or not an exception has been taken. But that is where justice requires it, which it does not in this case. (*People* v. *D'Argencour,* 95 N. Y., 624.) We come then to this question : must the court reverse a judgment of conviction on a verdict when the judgment-roll fails to show an arraignment or a plea, while the bill of exceptions shows that the prisoner was present with his counsel and had a fair trial ? We think not. We think that the spirit of the Code does not favor and we are sure that courts ought not to favor, technicality.

The learned counsel for the defendant has cited many cases in other States holding that the omission of arraignment and plea is sufficient ground for reversal of the judgment. We do not think it necessary to discuss these cases. Decisions of other States are not precedents for us. They are useful to show to what conclusion the minds of able judges have come, and of course they deserve respect. But we are not bound by them. In the absence of any decisions in our own State, directly applicable, we must be governed by our own judgment of the law as stated in the Code, and as illustrated by the broad views given in the opinion in *Pierson* v. *The People.* A prisoner should have everything needed to a fair trial. But when he has had such a trial, he should not escape punishment by reason of some omission of some technical proceeding, which, if not omitted, would have done him no good.

The judgment and conviction should be affirmed.

Present—LEARNED, P. J., BOCKES and LANDON, JJ.

Judgment and conviction affirmed.