62    PEOPLE *v.* GIORDANO.

Court of Gen. Sessions, N. Y. County, December, 1920.    [Vol. 114.

PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.*
ANGELO GIORDANO, Defendant.

(Court of General Sessions of the Peace, in and for the County
of New York, December, 1920.)

Code Crim. Pro. §§ 285, 684 — motion after judgment of conviction for inspection of grand jury minutes denied — waiver of rights.

> Sections 285 and 684 of the Code of Criminal Procedure refer only to imperfections of form and departures from the form or mode of procedure prescribed by said Code, or to errors or mistakes in form or in mode of procedure, and are not broad enough to warrant disregarding the violation of a constitutional right.

> After his conviction for murder in the first degree, the defendant's motion for an inspection of the minutes of the grand jury for the sole purpose of making a motion to dismiss the indictment, on the ground that there was no evidence before the grand jury to connect him with the crime charged, except that of accomplices, will be denied on the ground that not having been made prior to the judgment of conviction the defendant had waived his right to make the motion.

MOTION by the defendant, after conviction of murder in the first degree and appeal therefrom to the Court of Appeals, to inspect the minutes of the grand jury for the purpose of moving to dismiss the indictment.

Martin W. Littleton (Owen N. Brown, of counsel), for motion.

Edward Swann, district attorney (Robert C. Taylor, of counsel; George N. Brothers, with him on the brief), in opposition.

NOTT, J. On October 5, 1916, one Verrazano was murdered in the county of New York. On

May 1, 1918, the defendant was convicted of murder in the first degree, in that he procured others to murder Verrazano. On May 16, 1918, he appealed to the Court of Appeals, and pending that appeal has made several motions for a new trial on the ground of newly discovered evidence, which motions have been denied. 106 Misc. Rep. 235. He now for the first time moves to inspect the minutes of the grand jury which indicted him, for the purpose, should such inspection be granted, of subsequently moving to dismiss the indictment on the ground that there was no evidence before the grand jury, except that of accomplices, to connect him with the crime and that, therefore, he was improperly indicted and his constitutional rights invaded. *People* v. *Glen,* 173 N. Y. 395.

Upon the trial testimony was given by witnesses, other than those called before the grand jury, which the jury found corroborated the accomplices, and unless and until the judgment of conviction is reversed upon the ground that there was no sufficient corroboration, it must be assumed, for the purposes of this motion, that the defendant was properly convicted and that the corroboration was sufficient. The question, therefore, arises whether an indictment should be dismissed because founded upon insufficient evidence in a case where the defendant has been subsequently tried and convicted upon sufficient evidence and has not attacked the sufficiency of the indictment until after final judgment. Had such motion been made prior to trial the granting thereof would have been no bar to the finding of a new indictment upon sufficient evidence. But should the motion be granted after the trial and conviction of the defendant, the defendant might well claim a former jeopardy and that he could not be subsequently prosecuted for the

same offense and if that claim were well founded it would follow that he, although convicted upon sufficient evidence, would go free because he had delayed his attack upon the indictment until it was too late to remedy its weakness. In my opinion this result is contrary to the ends of justice and places a premium upon delay and laches and should not receive the sanction of the courts unless required by other well-settled principles of law.

The district attorney contends that under sections 285 and 684 of the Code of Criminal Procedure this motion must be denied for the reason that the defendant has not been prejudiced because he was ultimately convicted on proper evidence. I am of the opinion, however, that those sections refer only to imperfections of form and departures from the form or mode of procedure prescribed by the Code, or to errors or mistakes in form or in mode of procedure, and are not broad enough to warrant the disregarding of the violation of a constitutional right.

I am, however, of the opinion that the defendant has waived his right to make this motion by not doing so prior to the imposition of final judgment. If it be true that there was no testimony before the grand jury, other than that of accomplices, connecting defendant with the crime, that fact was as much within the defendant's knowledge or his means of knowledge at the time of the imposition of final judgment as it is today and there is no reason shown why the motion was not made before judgment or the indictment attacked at or before the time when the defendant was called upon after his conviction to state why judgment should not be imposed upon him. The general rule is stated as follows, by the Court of Appeals, in *People* v. *Willett,* 213 N. Y. 368, 375: "Unless a motion founded upon the indictment and

the insufficiency thereof is made before or at the time when the defendant is called for judgment, the objections thereto are waived." Citing *People* v. *D'Argencour*, 95 N. Y. 624; *People* v. *Wiechers*, 179 id. 459.

The defendant, however, claims that his constitutional right has been invaded and that the doctrine of waiver does not apply in such case. While it has been held that a defendant can not waive a constitutional objection to the power or jurisdiction of the court to try him (See *People* v. *Cancemi*, 18 N. Y. 128), other constitutional rights of the defendant may be waived as well as statutory rights. See *Dodge* v. *Cornelius*, 168 N. Y. 242, and cases cited therein. See, also, *People* v. *Rathbun*, 21 Wend. 509; *Pierson* v. *People*, 79 N. Y. 424; *People* v. *Cosmo*, 205 id. 91; *People* v. *Toledo*, 150 App. Div. 403.

While this motion is not for the dismissal of the indictment but for the inspection of the minutes of the grand jury, yet, as it is made upon the sole ground that it is for the purpose of subsequently moving to dismiss, it would be futile to grant the motion if the subsequent motion to dismiss must inevitably be denied.

For these reasons this motion is denied.

Motion denied.