## SUPREME COURT — SPECIAL TERM — KINGS COUNTY.

May 17, 1924.

## THE PEOPLE v. ERNEST G. J. MEYER.

(123 Misc. 243.)

MANSLAUGHTER IN SECOND DEGREE—MOTION FOR CERTIFICATE OF REASONABLE DOUBT—INSUFFICIENCY OF INDICTMENT CANNOT BE CONSIDERED ON MOTION—ERROR IN CHARGE, AND IN ADMISSION AND EXCLUSION OF EVIDENCE, AND FAILURE OF PROOF BEYOND REASONABLE DOUBT NOT SUSTAINED— MOTION DENIED.

Where the insufficiency of the indictment is not quest'oned before or at the time when the defendant is called for judgment the objections thereto are waived and may not be considered on a motion for a certificate of reasonable doubt after the conviction of the defendant of the crime of manslaughter in the second degree.

On a motion for a certificate of reasonable doubt alleged errors in the charge, in the adm'ss'on and exclusion of evidence, and the allegation that the defendant's guilt was not established beyond a reasonable doubt are not sustained and the motion should be denied.

MOTION by defendant for a certificate of reasonable doubt.

*Charles J. Dodd, District Attorney (James I. Cuff, Assistant District Attorney,* of counsel), for the People.

*Emanuel Celler* and *Meyer Kraushaar,* for the defendant.

CARSWELL, J.:

This is a motion for a certificate of reasonable doubt. The defendant was convicted of the crime of manslaughter in the second degree. Several grounds are urged as warranting the granting of a certificate by this court. One is that the indictment does not state facts sufficient to constitute a crime or the

crime of which the defendant has been convicted.   In People
v. Willett, 213 N. Y. 368, 375, it is said: "Unless a mo-
tion founded upon the indictment and the insufficiency thereof
is made before or at the time when the defendant is called for
judgment the. objections thereto are waived." Code Crim.
Proc., §§ 323, 331, 467, 469; People v. D'Argencour, 95 N. Y.
624; People v. Wiechers, 179 id. 459; People v. Sheffield-
Farms-Slawson-Decker Co., 206 id. 79.  It not appearing herein
that any such motion was made the claim that the indictment
is insufficient in law may not be considered upon the appeal from
the judgment of conviction herein.   Therefore, that ground
will not sustain the granting of this motion, even assuming,
although not deciding, that the indictment was and is insufficient
in law.   Another ground urged is that there was error in the
charge.   The matter which is assigned as being error was ap-
parently taken from the charge in People v. Buddensieck, 4
N. Y. Crim. Rep. 230; affd., 103 N. Y. 487. This, therefore,
constitutes no error.   Another ground urged is that the trial
court committed reversible error in its rulings upon the ad-
mission and exclusion of evidence.   I have carefully considered
all that has been urged under this head and have arrived at the
conclusion that no error of a character that would warrant
the disturbing of the conviction herein was committed in the
rulings upon the evidence proffered or adduced.   The final
ground urged is that the defendant's guilt was not established
beyond a reasonable doubt.   It is urged that, giving full value
to all the evidence, it does not constitute the crime of man-
slaughter in the second degree; nor does it present a basis
with respect to fact that would permit of a jury being per-
mitted to decide that such a crime had been committed under
the circumstances disclosed in the evidence.   I have considered
carefully the arguments and the citations with respect thereto
made by the counsel for the defendant (who was not the counsel
upon the trial) and have arrived at the conclusion that a ques-

tion of fact was presented, upon the evidence adduced, which would sustain the finding that the defendant was guilty of culpable negligence and of the crime of which he was convicted. Without detailing the argument of the defendant under this head it may be said that much of it is founded upon inaccurate premises, that is, that while many of his conclusions naturally flow from the premises he assumes, the premises he assumes are not conclusive in that they are incomplete and, therefore, inaccurate. This being so, his conclusions so founded may not be accepted. The motion is denied.

Ordered accordingly.