THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DOMINICK DI MAGGIO, Appellant.

First Department, June 24, 1927.

**Crimes — criminally possessing pistol after prior conviction of crime — evidence shows defendant's companions had revolvers — no evidence that defendant had revolver in his possession — conviction reversed.**

The conviction of the defendant, on a charge of criminally possessing a pistol, after he had been previously convicted of a crime, is reversed. While the evidence shows that the defendant's companions had possession of revolvers, there is no evidence to show that the defendant himself was in the possession of a revolver at the time he was arrested, either directly or as a conspirator.

MERRELL and FINCH, JJ., dissent, with opinion.

APPEAL by the defendant, Dominick Di Maggio, from a judgment of the Court of General Sessions of the County of New York, rendered on the 12th day of March, 1926, convicting him of the crime of criminally possessing a pistol, and also from an order entered in said clerk's office on the same day, denying defendant's motion for a new trial made upon the minutes.

*K. Henry Rosenberg*, for the appellant.

*Robert C. Taylor, Assistant District Attorney*, of counsel [*Joab H. Banton, District Attorney*], for the respondent.

PER CURIAM.   There is no evidence that the defendant had a revolver upon or near his person, nor of any conspiracy between him and the persons upon whom revolvers were found.   There was no basis for a finding that the defendant was in possession or control of a revolver directly or as a conspirator.

For these reasons the judgment appealed from should be reversed and the indictment dismissed.

McAVOY, MARTIN and PROSKAUER, JJ., concur; FINCH and MERRELL, JJ., dissent.

MERRELL, J.   (dissenting).   The defendant was convicted in the Court of General Sessions of the crime of criminally having in his possession a firearm after having been theretofore convicted of a crime.   This court is about to reverse the judgment of conviction upon the ground that no revolver, pistol or firearm was found upon the person of the defendant at the time of his arrest.   The defendant was seen by a police officer, who was concealed in a doorway, at about half-past one o'clock in the morning with two companions on Canal street in the city of New York opposite a lighted restaurant.   After conversing with his companions the defendant was seen to walk down to Orchard street and look up and down that street; then walk back and after again conferring with his two companions the three crossed the street and entered a hallway at or near the lighted restaurant.   The police officer, who had been watching the defendant and his two companions, then crossed the street and placed the three under arrest.   Upon one of the defendant's companions the police officer found a Colt revolver, fully loaded, and also an automatic revolver, a ball of twine and a mask.   On the other of the defendant's companions the police officer found a Spanish-make, fully-loaded revolver, and in his overcoat pocket a mask.   The policeman found no firearm actually in the defendant's possession.   Upon being asked, neither of the three would talk or say what they were doing there.   The police officer testified that, after taking the men to the station house, the proprietor of the restaurant came to the station house and stated that the men had not been to the restaurant and " the proprietor of the restaurant came to the station house and told us there was a third gun —."   The court sustained an objection on the part of counsel for the defendant to the testimony of what the proprietor of the restaurant had said.   For some unexplained reason the proprietor of the restaurant was not called as a witness at the trial.   The justice presiding at the Court of General Sessions held that although the proof did not show a pistol or firearm in the actual possession of the defendant, the jury might find him guilty under section 2

of the Penal Law as an accomplice, if the jury found that the defendant was acting in concert with his two companions in a matter involving the use of a revolver.   The court held that under the evidence the jury might find that the defendant and his companions were acting together in a common scheme and in concert in an undertaking that necessarily involved the presence of a revolver, and that being a party to such a conspiracy the defendant was equally guilty with his companions.   I think the evidence justified the jury in finding that the defendant was acting in concert with his two companions and was an accomplice.   The circumstances under which the defendant was apprehended all go to prove that the three were acting in concert.   They were seen conferring together at an early morning hour; the defendant, after talking with his companions, went to a nearby corner and after looking up and down the street returned to his two companions, and the three then proceeded across the street toward the lighted restaurant.

The defendant's record, as shown by the indorsement upon the indictment, was bad.   He was apprehended in 1916 for juvenile delinquency and confined in the Catholic Protectory; in 1921 he was convicted in Kings county for the crime of grand larceny and sentenced to Elmira; in 1923 he was convicted in Richmond county of the crime of grand larceny and sentenced to State prison for two years and six months.

The judgment of conviction should be affirmed.

FINCH, J., concurs.

Judgment reversed and indictment dismissed.   Settle order on notice.