THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN LO TURCO, Appellant.— From a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting him of possessing two revolvers in violation of subdivision 4 of section 1897 of the Penal Law, the defendant appeals. Judgment affirmed. There was adequate proof of possession by the defendant. He admitted to the arresting officer that he had brought the revolvers from Yonkers to his residence in Brooklyn and liked " to play with them * * * and do some shooting." The guns were found in the yard next door to the defendant's residence where they had been concealed in a barrel by the defendant's wife, just prior to the officer's visit. This is sufficient corroboration to satisfy section 395 of the Code of Criminal Procedure. Where there is additional evidence which reasonably tends to prove the crime and thus corroborates the admissions of the defendant, such evidence is sufficient to satisfy the statute, although the evidence in itself and independent of the admissions would be insufficient to establish the crime. (People v. Brasch, 193 N. Y. 46.) The trial court was justified in finding that the weapons had been within the immediate control and reach of the accused and where they were available for unlawful use if desired. (People v. Persce, 204 N. Y. 397.) People v. Di Maggio (221 App. Div. 17) is not in point. The cases cited from this Department should be held to the peculiar facts involved in each case. Lazansky, P. J., Hagarty, Carswell and Close, JJ., concur; Johnston, J. (dissenting). I dissent, vote to reverse the judgment, dismiss the informations and exonerate the bail. It has been held that " * * * the word ' possesses ' is to be interpreted somewhat in the light of its association with the other word of the statute, ' carries.' As such it must mean a possession which places the weapon within the immediate control and reach of the accused and where it is available for unlawful use if he so desires." (People v. Persce, 204 N. Y. 397, 402.) Accepting as true defendant's admission to the police officer that the pistols belonged to his brother and that he had previously brought them from his brother's home in Yonkers to his home in Brooklyn, there is no evidence that they were in his possession on October 15, 1937, the date alleged in the informations. (People v. Maiorano, 262 N. Y. 457; People v. Marchese, 248 App. Div. 607; People v. Unger, 241 id. 741; People v. Di Maggio, 221 id. 17.) Assuming that defendant's admission as above indicated was tantamount to a confession, it is not sufficient to warrant his conviction in the absence

of additional proof that the crime charged had been committed. (Code Crim. Proc. § 395.) Nor does the evidence of defendant's wife constitute such additional proof. She testified that her brother-in-law brought the pistols to her home and with her permission wrapped them in a rag and put them aside, promising to call later for them. After the brother-in-law died she placed the pistols in a barrel located in an adjoining lot and she called " the cop to give them back to them." She did not tell her husband, from whom she had been separated, although they resided in the same house, that her brother-in-law had brought the guns to her home.