THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PATRICK FITZGERALD, Appellant.— The indictment charges that the defendant violated section 372 of the Penal Law, in that he aided and abetted and acted in concert with one John J. Condon, in asking and agreeing to receive a bribe from Joseph Friedlander and Stanley DeCicco for and on behalf of Condon, a public officer, to wit, the mayor and a member of the common council of the city of Yonkers, " upon the

agreement and understanding that the said John J. Condon would favor, support, bring about, procure and vote for the enactment by the Common Council * * * [of] an ordinance * * * licensing the operation in the said City of Yonkers, of devices commonly known as pinball machines." When defendant was arrested he made certain statements to the district attorney and the sheriff, and after executing a waiver of immunity he testified before the grand jury. In those statements, as well as in his grand jury testimony, defendant admitted that he was guilty of the acts alleged. Defendant was convicted. He appeals and contends that he was convicted solely on proof of his own statements and confessions. In other words, defendant contends that there was no additional proof, as required by section 395 of the Code of Criminal Procedure, that the crime charged had been committed. In our opinion the testimony of the pinball operators furnishes such additional proof. It reasonably tends to prove the crime charged and corroborates the confession of the defendant and, therefore, the requirements of the statute have been satisfied. (*People* v. *Brasch*, 193 N. Y. 46, and cases cited; *People* v. *Lo Turco*, 256 App. Div. 1098; affd., 280 N. Y. 844.) Judgment of the County Court of the County of Westchester affirmed. Lazansky, P. J., Carswell, Johnston and Adel, JJ., concur; Hagarty, J., dissents and votes to reverse the judgment of conviction and to dismiss the indictment, with the following memorandum: The offense charged is that a public officer solicited a bribe through the medium of the defendant. The prosecution rested entirely upon admissions of the defendant. There is no additional proof within the meaning of section 395 of the Code of Criminal Procedure that the crime charged had been committed. The public officer in question denied the charge and has not been indicted. The testimony of the pinball operators simply is that the defendant made statements to them similar to those which he admitted having made to them. There is not a scintilla of proof in addition to the statements of the defendant. In *People* v. *Brasch* (193 N. Y. 46) the confession of the defendant was supplemented by proof of the finding of the body of his wife under circumstances which indicated that she had been murdered. In *People* v. *Lo Turco* (256 App. Div. 1098; affd., 280 N. Y. 844) the confession of unlawful possession of revolvers was supplemented by proof showing that they were found immediately adjacent to the home of the defendant where his wife had hid them.