THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HENRY PINA, Appellant.

First Department, February 21, 1946.

*Max Fruchtman* of counsel (*Martin Weintraub,* attorney), for appellant.

*Sylvia Jaffin Singer, Deputy Assistant District Attorney,* of counsel (*Richard G. Denzer, Assistant District Attorney,* with her on the brief; *Frank S. Hogan, District Attorney*), for respondent.

MARTIN, P. J. The defendant has appealed from a judgment of conviction of a violation of section 100 of the Alcoholic Beverage Control Law " in that he did have possession of with the intent to sell, a quantity of alcoholic beverage, he not having the necessary license * * *."

To properly review the contention of defendant it is necessary to set forth some of the facts established by the evidence.

The police officer who arrested the defendant testified that he first saw him in front of 475 Lenox Avenue, New York City, walking along the sidewalk carrying a shopping bag. The defendant entered the building. The police officer followed him into the hallway and there engaged him in conversation. In answer to the officer's question, the defendant said he had whiskey in the shopping bag. The officer testified he then looked into the bag and saw therein " two one-gallon jugs full of untaxed whiskey." The officer asked the defendant what he was going to do with it and the defendant replied: " I am taking it to the second floor. I am selling it there to a woman."

The officer asked the defendant to take him up to the apartment where the sale was to be made. They then went to an apartment on the second floor and the defendant knocked on the door several times. When no one answered, the defendant told the officer that the woman " evidently was out."

In the course of the conversation the defendant told the officer he paid $5.50 a gallon for the whiskey and that he sold it for $6 a gallon; that he sold " about twelve gallons a day." When asked how long he had been selling whiskey the defendant said, " Not so long." The police officer testified that the defendant admitted he was selling whiskey to make a living; that the two gallons had been delivered to him that morning, and he had no license to sell whiskey.

The defendant took the stand in his own behalf and admitted possession of the whiskey. He also admitted he did not have a license. He stated, as testified to by the police officer, that he had the whiskey in a shopping bag and that he accompanied the officer to apartment No. 2 at 475 Lenox Avenue. This testimony by the defendant established the truth of the material testimony given by the People's witness. The defendant further admitted that no one answered the knock at the door. The admission that no one was at home contradicted testimony given by him that he and five other persons were to drink the whiskey in apartment No. 2. If a party had been planned in that apartment for that day, it would have been a simple matter for the defendant to have produced one or more of the persons who were to attend. He did not call a witness to corroborate his testimony.

Testimony by the police officer of essential facts which he observed was sufficient to prove the People's case. To that should be added the admission of the defendant and the testimony of the defendant. All established beyond a reasonable doubt that the defendant was guilty of having " possession of with the intent to sell, a quantity of alcoholic beverage."

The defendant contends that the evidence submitted by the People failed to meet the requirement of section 395 of the Code of Criminal Procedure. That section does not call for additional proof of the confession, as such, but merely " additional proof that the crime charged has been committed."

In *People* v. *Roach* (215 N. Y. 592, 600) Judge SEABURY, writing for the court, said: " It is provided in section 395 of the Code of Criminal Procedure that the confession of the accused ' is not sufficient to warrant his conviction, without additional proof that the crime charged has been committed.'

It will be observed that the statute does not require that the confession itself shall be corroborated. It provides merely that alone it shall be insufficient to warrant conviction. The only additional proof which the statute makes necessary to justify a jury in convicting a defendant who has confessed his guilt is that there shall be proof ' that the crime charged has been committed.' There must be evidence in addition to the confession to prove the *corpus delicti,* but when, as in this case, the *corpus delicti* is proved by independent evidence, and the defendant has voluntarily confessed his guilt, a case for the jury is made out, and a conviction based upon such testimony is warranted in law.''

In *People* v. *Jaehne* (103 N. Y. 182, 199) the court said: '' But we are of opinion that when, in addition to the confession, there is proof of circumstances which, although they may have an innocent construction, are nevertheless calculated to suggest the commission of crime, and for the explanation of which the confession furnishes the key, the case cannot be taken from the jury for a non-compliance with the requirement of the statute. The words of the statute, ' additional proof that the crime charged has been committed,' seem to imply that the confession is to be treated as evidence of the *corpus delicti,* that is, not only of the subjective criminal act, but also the criminal agency of the defendant; in other words, as competent proof of the body of the crime, though insufficient without corroboration to warrant a conviction. ' Full proof,' said NELSON, Ch. J., in *People* v. *Badgley* (16 Wend. 53, 59), ' of the body of the crime, the *corpus delicti,* independently of the confession, is not required by any of the cases, and in many of them slight corroborating facts were held sufficient.' ''

In *People* v. *Lo Turco* (256 App. Div. 1098, affd. 280 N. Y. 844) the court said: '' There was adequate proof of possession by the defendant. He admitted to the arresting officer that he had brought the revolvers from Yonkers to his residence in Brooklyn and liked ' to play with them  *  *  *  and do some shooting.' The guns were found in the yard next door to the defendant's residence where they had been concealed in a barrel by the defendant's wife, just prior to the officer's visit. This is sufficient corroboration to satisfy section 395 of the Code of Criminal Procedure. Where there is additional evidence which reasonably tends to prove the crime and thus corroborates the admissions of the defendant, such evidence is sufficient to satisfy the statute, although the evidence in itself and independent of the admissions would be insufficient to establish the crime.''

In *People* v. *Brasch* (193 N. Y. 46) the court held that under section 395 of the Code of Criminal Procedure a confession may be considered in establishing the commission of the crime, and where there is additional evidence which reasonably tends to prove the crime and thus corroborates the confession, such evidence is sufficient to satisfy the requirements of the statute, although the evidence in itself and independent of the confession would be insufficient to establish the crime.

The defendant has cited *People* v. *Krasner* (252 App. Div. 731) and *People* v. *Davis* (261 App. Div. 944) in support of his argument for a reversal of his conviction. The defendant in both cases denied possession. An examination of the records discloses that there are other important distinctions. One in particular is the fact that in the *Krasner* and *Davis* cases the defendants were charged with " selling," whereas in this case the defendant is charged with possession of alcohol with intent to sell. In the two cases cited we held that the facts did not establish a sale.

The evidence in the present case clearly establishes the guilt of the defendant of the crime charged. The conviction should be affirmed.

TOWNLEY and DORE, JJ., concur; GLENNON and CALLAHAN, JJ., dissent and vote to reverse the judgment of conviction, dismiss the information and remit the fine, on the ground that the evidence failed to satisfy the requirements of section 395 of the Code of Criminal Procedure. (*People* v. *Krasner*, 252 App. Div. 731; *People* v. *Davis*, 261 App. Div. 944.)

Judgment affirmed.