THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* GENNARO DE GENNARO and JOSEPH RIZZUTO, Defendants.

County Court, Kings County, May 18, 1954.

*Abraham H. Brodsky* for defendants.

*Edward S. Silver, District Attorney (William I. Siegel* of counsel), for plaintiff.

BARSHAY, J. The defendants were jointly indicted for the crime of attempted grand larceny in the second degree.

A motion for an inspection of the Grand Jury minutes having been granted, the defendants now move for the dismissal of the indictment based upon the insufficiency of the Grand Jury minutes as a matter of law.

The Grand Jury minutes reveal that on the day in question, the complainant parked a truck loaded with 230 bags of coffee in front of 175 Front Street, in the borough of Brooklyn. That sometime during the afternoon, both defendants were observed in an automobile immediately alongside of the truck. For some reason they drove off but soon thereafter returned to the identical place. One of the doors of the automobile in which the defendants were seated, opened. Just at that point, a police officer with his shield in one hand and his drawn gun in the other, called upon the defendants to stop. Instead, the door was closed and the car sped away. The officer fired two shots at the fleeing car but it did not stop. Someone made note of the license number of the automobile, and as a result, both defendants were apprehended. Each stated to the arresting officer that he was in that car, at that place, at that time, for the expressed purpose of taking the coffee, but when they saw the police officer in front of the truck, they drove off.

The defendants urge that the acts attributed to them are insufficient to constitute an attempt to commit the crime charged and that, in addition to their confession, there is no additional proof that the crime charged has been committed. Neither contention is tenable. Disposing of their first contention, I conclude that the Grand Jury minutes reveal conduct on their part which constituted an attempt to commit the crime charged. But for the timely interference of the police officer, the crime they contemplated, would have been consummated. " Whenever the acts of a person have gone to the extent of placing it in his power to commit the offense unless interrupted and nothing but such interruption prevents his present commission of the offense, at least then he is guilty of an attempt to commit the offense, whatever may be the rules as to his conduct before it reached that stage ". (*People* v. *Sullivan,* 173 N. Y. 122, 136; *People* v. *Gormley,* 222 App. Div. 256, affd. 248 N. Y. 583.)

The second contention is not supported by the applicable law. (Code Crim. Pro., § 395.) That statute does not require that the confession itself shall be corroborated. It merely provides that the confession alone shall be insufficient to warrant a conviction without additional proof that the crime charged has been committed. The Grand Jury minutes contain independent proof of sufficient circumstances, independent of the confession, to satisfy the requirements of the statute. (*People* v. *Jaehne,* 103 N. Y. 182; *People* v. *Pina,* 270 App. Div. 404.)

The motion is denied.