THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LEROY LOUIS and HENRY THOMAS, Appellants.

First Department, December 20, 1955.

*John F. Wilkinson* of counsel (*Samuel Morris* and *Harry Kraf* with him on the brief; *John F. Wilkinson, Samuel Morris* and *Harry Kraf,* attorneys), for Henry Thomas, appellant.

*Herbert S. Siegal* of counsel (*Joseph Cohen* and *Edward H. Murphy* with him on the brief; *Herbert S. Siegal, Joseph Cohen* and *Edward H. Murphy,* attorneys), for Leroy Louis, appellant.

*Walter E. Dillon* of counsel (*Daniel V. Sullivan, District Attorney,* attorney), for respondent.

*Per Curiam.* Defendants have been convicted of the crime of murder. The evidence against them was principally their own confessions. The testimony of the medical examiner as to the cause of death of the deceased was sufficient to constitute additional proof that the crime charged had been committed. Our problem is presented by the fact, however, that the court failed and refused to charge the jury, as requested, respecting that portion of section 395 of the Code of Criminal Procedure which provides that a confession is not sufficient to warrant a conviction without additional proof that the crime charged has been committed. Indeed, the court had taken the question from the jury when he stated in the charge, '' I think it is safe to say that Mr. Brustofsky is dead, that he met his death as a result of some criminal agency, and it is not disputed that he was killed.''

Defendants' counsel are in error in their contention on this appeal that there must be independent testimony apart from the confession to implicate defendants in the commission of the

homicide. See *People* v. *Cuozzo* (292 N. Y. 85, 92), where it is stated that the additional evidence " is sufficient if it shows guilty human agency although not showing *defendant's* participation in the crime."

We are of the view, however, that some proper charge respecting the additional proof required under section 395 is called for (*People* v. *Lewis,* 271 App. Div. 1050; *People* v. *Hassan,* 196 App. Div. 89, 95–96). Section 395 is more than a rule of evidence to be observed by the court in passing upon the admissibility of evidence. It is a substantive rule of criminal law and the jury must be given the opportunity of passing upon the sufficiency of the proof to warrant a conviction.

The judgments appealed from should be reversed and a new trial ordered.

PECK, P. J., BREITEL, BASTOW and COX, JJ., concur.

Judgments unanimously reversed and a new trial ordered. The court has considered the questions of fact and has determined that it would not grant a new trial upon those questions.