Benjamin Gassman, J.
The defendant seeks an order granting him an inspection of the Grand Jury minutes. He states in his motion papers that he believes that the evidence presented before the Grand Jury was insufficient to warrant the indictment against him and adds ‘ ‘ that it is the intention of the defendant to make an application to dismiss the indictment as soon as he has an opportunity to examine the minutes of the Grand Jury.”
On March 30, 1955 the Grand Jury filed an indictment charging the defendant with (1) criminally carrying concealed a loaded pistol; and (2) criminally possessing a pistol after prior conviction. On April 5, 1955 the defendant pleaded not guilty and on June 14, 1955, during the trial, the defendant pleaded guilty to criminally possessing a pistol as a misdemeanor, under *180 the second count. On August 16, 1955, on the said plea of guilty, the defendant was sentenced to the Workhouse for a term of six months. Now, six years after he was sentenced, the defendant for the first time contends that the Grand Jury did not have sufficient evidence before it to warrant the indictment against him.
The motion is not timely. A motion to inspect Grand Jury minutes or to attack the sufficiency of evidence adduced before the Grand Jury cannot be made long after sentence has been pronounced on the defendant’s plea of guilty. Such motions must be made before conviction (People v. Wurzler, 278 App. Div. 608, 609; People v. Jester, 102 N. Y. S. 2d 554; People v. Giordano, 114 Misc. 62).
While it is true that the Wurder case involved an application for a writ of error coram nobis, the theory of law is the same whether the motion is one to inspect the Grand Jury minutes or in a coram nobis proceeding.
The court in the Giordano case (supra, p. 65) said that “ While this motion is not for the dismissal of the indictment but for the inspection of the minutes of the grand jury, yet, as it is made upon the sole ground that it is for the purpose of subsequently moving to dismiss, it would be futile to grant the motion if the subsequent motion to dismiss must inevitably be denied.” That is precisely the reason for the present motion by the defendant.
The defendant waived his right to move for an inspection of the Grand Jury minutes by not doing so prior to the imposition of final judgment. Nor was the indictment attacked by the defendant at or before the time when the defendant was called upon after his plea of guilty to state why judgment should not be imposed upon him (People v. Giordano, supra). “ Unless a motion founded upon the indictment and the insufficiency thereof is made before or at the time when the defendant is called for judgment, the objections thereto are waived ” (People v. Willett, 213 N. Y. 368, 375).
The case of People v. Di Maggio (221 App. Div. 17) cited by the defendant does not apply. There, the defendant’s conviction after trial was reversed on the ground of insufficient evidence to connect the defendant with the crime. The question of an inspection of the Grand Jury minutes after judgment was pronounced did not arise in that case.
Accordingly, the defendant’s motion is in all respects denied.