Robert W. Caoace, J.
The defendant is charged with violating section 42-5 of the Code of the City of Yonlcers in that on the 26th day of July, 1969, he fired ‘1 one round from a 22 caliber rifle into the air from the southwest second floor bedroom of his home. ’ ’
The statute reads as follows: “ The firing of a gun or a pistol or any other firearm in the City shall be prohibited.”
At a trial held, without a jury, on December 12, 1969, the arresting officer testified that he was sent to the area to investigate a report that a gun had been discharged; that he spoke to the defendant, and that the defendant admitted that he fired the rifle to scare two men who were near his ear.
After a Huntley hearing, it was determined that the admissions of the defendant could be received into evidence. There were no witnesses to the act. The police officer could only testify as to what was told to him by the defendant. In addition to the admissions of the defendant, the expended shell casing and the rifle were offered and received into evidence. The police officer also testified that he smelled gunpowder on the rifle.
*123 At the close of the People’s case, the defendant moved to dismiss on the ground that the only evidence produced at the trial was the admission or confession of the defendant, and that by virtue of section 395 of the Code of Criminal Procedure, this is not sufficient for a conviction in a criminal case.
The section reads as follows: “A confession of a defendant, whether in the course of judicial proceedings or to a private person, can be given in evidence against him, unless made under the influence of fear produced by threats, or unless made upon a stipulation of the district attorney, that he shall not be prosecuted therefor; but is not sufficient to warrant his conviction, without additional proof that the crime charged has been committed.”
The question for the court is whether the expended shell casing, the rifle and the testimony of the police officer that he smelled gunpowder on the rifle, is sufficient “ additional proof that the crime charged has been committed? ”
It is clear that the Legislature, by its nomenclature, i.e., “ additional proof,” did not contemplate only eyewitnesses or direct evidence as to the crime (People v. Louis, 286 App. Div. 792; People v. Cuozzo, 292 N. Y. 85; People v. Dunbar, 205 Misc. 630).
It is equally clear that the courts do not require that the evidence, outside of the confession, be such as to convict the defendant or even that this outside evidence show beyond a reasonable doubt that a crime has been committed (People v. Dunbar, supra; People v. Pina, 296 N. Y. 669; People v. Lo Turco, 256 App. Div. 1098, affd. 280 N. Y. 844; People v. Brasch, 193 N. Y. 46). In the Brasch case the Court of Appeals states (p. 63) “ Full proof of the body of the crime, the corpus delicti, independently of the confession, is not required by any of the cases; and in many of them slight corroborating facts were held sufficient. ’ ’
The requirement is that there be proof, apart from the confession, of the criminal fact. In the instant case, the 22-caliber rifle and the spent cartridge do not in any way imply that the crime of discharging a firearm in the city limits was committed, for it is obvious that the explosion could have occurred at places other than the City of Yonkers, and the shell casing saved for some purpose, a practice which is common among devotees of shooting and hunting.
The testimony of the police officer in regard to the gunpowder being smelled by him could have great significance in establishing the “ criminal fact.” However, for this to be so, this testimony would have to be far more precise. Not only would the *124 witness have to be qualified so that his expertise in the matter of firearms would be accepted by the court, but he would then have to give his opinion as to how long the gunpowder odor would cling to this shell casing and/or riffle; whether the odor from different types of powder would remain for varying lengths of time; or any other pertinent fact upon which his conclusion would be based; and he then would be required to give an opinion as to the length of time prior to this observation of the facts the weapon had been discharged. When this is done, the court could then determine whether or not his evidence tended to prove in some degree the commission of a crime, outside of the confession (People v. Rooks, 40 Misc 2d 359), which, together with the confession, mig*ht be sufficient to convict.
The motion of defendant to dismiss is granted, and the defendant is discharged.