■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON WHEAT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 30, 1975, convicting him of attempted rape in the first degree, sexual abuse in the first degree, attempted sexual misconduct, burglary in the second degree, and assault in the second and third degrees, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The trial, as conceded by the People, was permeated with error. The arresting officer's testimony about the filing of other complaints charging defendant with unrelated sexual crimes should not have been admitted as it unduly biased the jury and deprived defendant of a fair trial (see *People v Molineux,* 168 NY 264). It was also improper to limit the cross-examination of the sole complainant as to her motive. That ruling violated defendant's constitutional right to confront the witnesses against him (see *Davis v Alaska,* 415 US 308, 316). With commendable candor, the brief of the District Attorney concedes that a reversal and new trial are required in this case. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AL WILLIAMS, Also Known as ALLEN WHITE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered August 7, 1973, convicting him of possession of weapons, etc., as a felony, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Cohalan, Acting P. J., Damiani, Rabin and Hawkins, JJ., concur; Margett, J., dissents and votes to reverse the judgment and dismiss the indictment, with the following memorandum: Both arresting officers testified, in substance, that at 3:50 A.M. on December 20, 1972, while driving past a White Castle restaurant, their attention was drawn to the defendant by the facial mannerisms of a waitress inside the restaurant. They then saw defendant walk down the street and around the side of a parked van, where he crouched down and placed something in the street under the front wheel of the vehicle. Although it "seemed" or appeared to the officers that defendant took something from the inside of his overcoat at that time, they could not see what that thing was. The officers then left their patrol car and proceeded to the van, where they found a sawed-off shotgun at or about the place where they had seen defendant crouch. Defendant, who was standing on the corner about 12 to 15 feet away, was then arrested. However, both officers admitted that they had never seen the weapon in his possession immediately before they found it under the van, and they could not identify what he may have taken from his coat. Furthermore, it should be noted that the People neither called the waitress as a witness nor offered any reason for not having called her. Therefore, in my view, the evidence adduced at the trial was insufficient to prove beyond a reasonable doubt that defendant is guilty of the charge of possession of a weapon (cf. *People v Maiorano,* 262 NY 457; *People v Di Maggio,* 221 App Div 17, app dsmd 247 NY 519, mot for rearg den 247 NY 584; *People v Andreacchi,* 221 App Div 136; *People v Freeman,* 41 AD2d 811).